Wood, J.
The declaration counts on a certain subscription paper, signed by the plaintiff in error and others, the object of which was the employment of the defendant in error to keep a common school in district No. 15, etc., and by which the plaintiff agreed to pay the defendant two dollars per scholar for teaching two scholars for sixty days. The declaration avers that the defendant in error was ready and willing to teach, etc., of which the plaintiff in error had notice, and the refusal of the plaintiff in error to pay, etc.
A plea of the general issue was filed, the cause submitted to the jury, a .verdict found for the defendant in error, and judgment rendered thereon, in the court of common pleas, which is now-sought to be reversed by the prosecution of this writ.
During the progress of the trial a bill of exceptions was taken, from which it appears that the plaintiff in error offered to prove *331 to the jury that the defendant in error was employed by the directors of school district No. 15 to teach a common ^school, [387 his salary to be paid in part out of the common school fund, and in part by subscription, and that he had, in violation of his duty and the laws of this state, received into his school divers youths who, he admitted, were colored, and not entitled to the benefits of the common schools of Ohio, but were ’prohibited by statute, in consequence of which the- plaintiff in error withdrew his children from school; which evidence was objected to by the counsel for the defendant in error, and the objection sustained by the court, and this decision is assigned for error.
, The inquiry presented is, did the court of common pleas err in the rejection of this evidence ? In other words, did it tend to.prove any fact that would be a bar to this action ?
The school in question was a public school; the subscription was in aid of the common school fund. The defendant in error was employed by the directors of the district to teach a school organized under the statute regulating common schools. Section 51 of this act provides, that all white youth over four and under twenty-one years of age shall be entitled to equal privileges in all the common schools of this state. Swan’s Stat. 841. Who white children are, has, in principle, been determined by this court at the present term. Thacker v. Hawk et al.
The majority, or predominance of blood, either black or white, carries with it conclusive evidence of the qualifications or disqualifications conferred or imposed by our statutes. By law, white children, only, have the privileges of common schools. A teacher, therefore, can only admit such in a public school, supported in whole or in part by the public funds. If he does admit blacks, he violates the obligation on his part to keep a legal school; and it would be unjust to hold the promisor bound by a contract which the promisee disregarded and omitted to perform.
The bill of exceptions shows that the evidence offered was the direct admission of the defendant in error, that he did receive into the school divers youths, against the provisions of the statute. This evidence a majority of the court think was ^competent, and if the fact was fully established it would have been a bar to a recovery. The common pleas erred, therefore, in arresting this testimony from the jury. In this case, the obligation not to admit blacks is imposed by statute. I have no hesitation, however, in *332 laying'it down as a general principle, in all eases, that a teacher of a public school is under the implied obligation to regard the morals of the youth intrusted to his care, and, should he so far disregard his duty as to admit the vicious and corrupt, controlled by no sense of moral obligation; should he fill his school with prostitutes or thieves, or those openly profane or licentious, such teacher would forfeit all claim to compensation; and where the statute imposes the prohibition for reasons which were satisfactory to the law-making power as to whom the teacher may admit to the privileges of the school, its enactments, if disregarded, must be followed by the same consequences.
Ellsberry, for plaintiff in error.
Harlan, for defendant.
Judgment reversed and cause remanded.
Judge Read did not sit in this case.