Williams, J.
Tbe mortgagees having appeared and filed tbeir applications in tbe probate court for tbe payment of tbeir mortgages, tbe assignee answered; and tbe unsecured creditors named also intervened to contest them, and for that purpose filed appropriate pleadings. These admitted tbe execution and deposit of tbe mortgages as required by statute, before the filing of tbe deed of assignment, whereby they became and were at that time prima facie statutory liens on tbe property. Tbe real ground of attack upon them was, that notwithstanding their apparent priority over tbe assignment, they were, under tbe circumstances of tbeir execution, a part of it; and did not, for that reason, constitute incumbrances. After a decision adverse to tbe assignee and unsecured creditors, appeals were perfected by them to tbe court of common pleas.
There was no want of jurisdiction in either court over the persons of tbe parties thus voluntarily invoking and submitting themselves to such jurisdiction. Tbis is conceded. And, tbe assignee having, under tbe orders of tbe probate court, sold tbe mortgaged property, and. being in possession of tbe proceeds, it cannot be doubted that whatever liens existed, by virtue of tbe mortgages on tbe property, were transferred to *145 the fund, and attached thereto in the order of their priority on the property. But the claim is, that the probate court was without power to adjudicate upon the validity, and adjust the priority of those liens. It is not disputed that the probate court is one of limited and special jurisdiction, possessing only such as is conferred by statute, with such auxiliary and incidental powers as are necessary and proper to carry into effect those expressly granted. Davis v. Davis, 11 Ohio St. 386. Nor is it claimed that there is any constitutional impediment to conferring on that court, by appropriate ligislation, the jurisdiction in question. The important inquiry is, has it been done ? "We are of opinion it has. The several provisions of the'statutes relating to assignments by insolvent debtors, 'and proceedings thereunder/adequately endow probate courts with jurisdiction to order the sale of the assigned property, and the payment of all incumbrances and liens thereon, by the assignee out of the proceeds', according to their priority; and they may, in the exercise of such jurisdiction, decide upon the validity of such liens, and determine to what extent, and in what order, they are entitled to be so paid.
Section 6351, Rev. Stats., as amended January 30, 1885 (82 Ohio L. 14), provides that: “ The probate court shall order the payment of all incumbrances and liens upon any of the property sold, or rights and credits collected, out of the proceeds thereof according to priority; provided, that the assignee may, in all cases where the real estate to be sold is incumbered with liens, or where any questions in regard to the title require a decree to settle the same, commence a civil action, for the sale of such real estate, in the court of common pleas of the proper county, making all persons in interest, including the wife of the assignor, parties to such proceedings; and, upon hearing, such court shall order a sale of the premises, the payment of incumbrances, and the contingent dower interest of said wife. * * * all the provisions of said section 6350 in relation to the wife of the assignor as a party to proceedings thereunder, and her rights by virtue thereof; also, the provisions of said section as to ordering proprety sold at private sale, *146 and upon terms of credit, shall apply to proceedings under this section.” Section 6350, as amended April 13, 1880 (77 Ohio L., 189), provides that the assignee shall proceed to sell the real and personal property assigned upon such terms as the court may order, and shall make due return thereof, and “when any real estate is to be sold under the provisions of this section, the wife of the assignor may be made a party, and she may file her answer, and ask the court to have said real estate sold fr.ce of her contingent right of dower, and to allow her, in lieu thereof, such sum of money, out of the proceeds of the sale, as the court deems the just and reasonable value of her contingent dower interest therein; and such answer of the wife of the assignor shall have the same force and effect, and shall be taken and held to be, in all respects, as a deed of release to the purchaser of such real estate of the contingent dower interest therein of such wife. It is further provided, that where said wife has executed a mortgage jointly with her husband on any of the real estate aforesaid, or where the husband alone has executed a mortgage as security for the payment of the purchase price, or part thereof, on any of the said real estate, such court shall order the sale of the same free from the contingent right of dower of such wife, and shall find and determine the just and reasonable value of such wife’s contingent dower interest in the balance of the proceeds of such sale of real estate after the payment of such incumbrances as preclude her right of dower therein.”
The part of section 6350, quoted 'above, was added by the amendment of April 13, 18$0. Before it was so amended, it was contended that where a mortgagor, whose wife had joined in the execution of the mortgage on his real estate, subsequently assigned for the benefit of creditors, the probate court had exclusive jurisdiction to order . the sale of the land, and the mortgagee could not in any other tribunal enforce such sale; upon the principle that where a court of competent jurisdiction acquires possession of the subject-matter of litigation, and the right of a party to prosecute his action once attaches, the right of the court to retain the case, and of the party to prosecute it, can not be *147 defeated by the institution of proceedings in another court, although of concurrent and co-ordinate jurisdiction. This principle was fully recognized in Dwyer v. Garlough, 31 Ohio St. 158, but was denied application in the case solely on the ground that under the statute then in force, no authority was given the probate court to cause the wife’s dower interest in the land to be sold, but only the property assigned, which did not include her interest; while by the terms of the mortgage the mortgagee was entitled to have it, as well as the husband’s estate, sold; and the remedy then afforded by a sale in the probate court was therefore inadequate. It is apparent that the amendment referred to was made to supply the defect in the power of probate courts, and to remove the objection to their exclusive jurisdiction in such cases. "Whether the object is fully accomplished is not a question now before us; but certainly the amendment is indicative of a legislative intent to repose in probate courts ample power to effectuate a speedy and complete administration of such trusts. The powers, thereby conferred, to ascertain and determine the value of a wife’s contingent dower interest in the lands sold, where she has not united in a mortgage of them; adjudicate upon the rights of parties under the mortgages in which she has united, and in the surplus remaining after providing for their payment; and settle the just and reasonable value of her dower interest in such surplus, are such as pertain to courts of equity quite as much as the determination of the amounts and priorities of incumbrances and liens on chattel property sold by the assignee. It is to be observed that both sections relate entirely to proceedings in the probate court, except that section 6351 authorizes, but does not require, the assignee, in certain cases, to commence an action in the court of common pleas for the sale of real estate incumbered by liens, or of unsettled title; while it is noteworthy that he is neither authorized nor required to do so for the sale of chattel property. The inference that in all respects, not so specially excepted, the jurisdiction of probate courts was intended to be exclusive, derives support from the circumstance that *148 their concurrent jurisdiction is preserved in the excepted cases; and the like import in the terms employed to define the powers of the common pleas, and probate courts, confirms the conclusion that the jurisdiction of the latter is as comprehensive as stated. The common pleas is empowered to “ order' the sale of the premises, the payment of incumbrances and the contingent dower interest of the wife;” the probate court to .“order the payment of all incumbrances and liens upon any of the property sold, or rights and credits collected, according to priority,” and “determine the just and reasonable value of the wife’s contingent dower interest.”
Not all asserted liens are necessarily entitled to share in the fund. There may be disability of parties, defect in execution, partial or total discharge, or other infirmity excluding, or limiting their participation; nor do their relations in time always fix the order of their legal precedence. The duty of the court in the execution of its powers, is to order the' payment only of incumbrances and liens entitled to be paid; and those in the order of their rightful priority; which necessarily implies the power to decide what asserted liens are so entitled, and to determine the'order of payment. And neither court exhausts its powers, or performs its duty, by entering an order in general terms to pay the incumbrances and contingent dower interest of the wife; thus casting upon the assignee the hazards of making a distribution that will conform thereto. This power is'neither limited by the nature of the incumbrances, nor the character of the questions involved; and while it is in the first instance conferred upon the probate court, the means of correcting its abuse are carefully provided. By section 6407, of the Revised Statutes, an appeal to the court of common pleas is authorized, from any order, decision or judgment of the probate court, in the administration of insolvent estates, and the “ cause so appealed shall bo tried, heard and decided in the court of common pleas in the same manner as though that court had original jurisdiction thereof.”
It is urged by the plaintiffs in error that the intention to deny probate courts the jurisdiction contended for, is to be *149 found in the fact that no .pleadings and process are provided for in such cases. This is not a conclusive test.
The act of March 14, 1853, “defining the jurisdiction and regulating the practice of probate courts,” provided that court should have “jurisdiction to enforce the payment of the debts and legacies of deceased persons and the distribution of the estates of intestates.” In McLaughlin v. McLaughlin, 4 Ohio St. 508, it was held, that under this statute probate courts had jurisdiction to determine every disputed question of fact which might become necessary to ascertain the amount justly due to each legatee or distributee,. and order the payment thereof; and yet no more adequate provision was then made for pleadings or process, by that act or otherwise, than is to be now found in Chap. 7, Title II, part Third, of the Eevised Statutes.
The insolvent debtors’ statute contemplates that the creditors who desire to share in the estate assigned, shall authenticate, and file their claims with the assignee. These are reported to the court by him. Mortgagees whose mortgages include any of the assigned property sold by the assignee, must work out their rights in the fund through the probate court. They all thus become parties to the proceeding. “The unsecured creditors are parties in interest adverse to such mortgage claimants, and although the assignee may defend in their behalf, there is no good reason why they may not themselves do so. If pleadings and process were necessary, it is by no means certain they are not afforded by sections 6406 and 6411 of the Eevised Statutes. However this may be, the claims of creditors so authenticated and presented to the assignee, and by him allowed, or legally established if disputed, constitute the basis for declaring the dividends and distributing the same, after the payment of the incumbrances. Lahm v. Johnston, 32 Ohio St. 590.
Section 6356 requires the assignee to file his accounts “ containing a full exhibit of his doings as such,” and when, on the settlement, there is a balance remaining in his hands subject to distribution among the general creditors, a dividend shall be declared by the probate court. Of course, there can be no *150 balance remaining in the hands of the assignee subject to such distribution, until all liens and incumbrances are paid. Whether there is such balance, and what it is, must be determined by the' court before declaring the dividends. In this way the assignee may proceed with safety in the administration of his trust under the orders and directions of the court having control of the whole subject.
In Lindemann v. Ingham, 36 Ohio St. 1, this statute was considered at length, and with care. The questions there, presented and disposed of were not essentially different from those under discussion. The property had been mortgaged before the assignment was executed. The assignee sold it, and held the fund for distribution. The mortgagee brought his action against the assignee in a court of general jurisdiction. It was held that the action could not be maintained; that the lien was transferred to the fund, and the rights of the mortgagee must be worked out through the probate court. It was not denied that, the condition of the mortgage being broken, the legal title to the property was in the mortgagee, and all that was left in the mortgagor, and therefore all that passed to his assignee, was ah equity. of redemption, or an equitable interest to the extent of what remained after the payment of the mortgage. The question naturally arises, how could the rights of the mortgagee be worked out through the probate court, otherwise than upon application to that court, for so much of the proceeds of the sale, as was necessary to satisfy the mortgage; the balance was the equitable interest of the assignee subject to distribution among the general creditors. Upon.such application the court must determine the amount due on the mortgage, and order it paid- This necessarily involves the inquiry whether anything is due, whether the mortgage is a lien, and to what extent it is such. To work out his rights through the probate court, these questions must be determined by that court, and substantially the same questions are involved in the case now under consideration. It might have been said in that case with as much pro- ' priety and force as in this, that no pleadings and process *151 are provided for in the probate court, and no jurisdiction is conferred on that court to determine the amount or extent of the equitable interest remaining in the assignee, for that involves the validity of the mortgage, and the amount due on it, which can only be determined by a court of general jurisdiction. If the position taken by the plaintiff in error here be the true one, it vras the duty of the court in that case to have sustained the plaintiff’s action, but limited his recovery to the amount due on the mortgage, thus leaving the assignee in possession of the surplus.
The conclusion of the court, announced by the learned judge in Lindemann v. Ingham, supra, that the provisions of the statute, “ show, very clearly that the legislature intended to vest in the probate court full and complete jurisdiction over the whole subject of assignments of this character,” was not hastily reached, or incautiously stated; but was the result of careful consideration and deliberate judgment. It has been accepted and followed .in practice since. Blandy v. Benedict, 42 Ohio St. 295; Kemper v. Campbell, 44 Ohio St. 210.
Gilliland v. Sellers, 2 Ohio St. 223, is cited by counsel, as establishing, by analogy, the absence of such jurisdiction.
That was a proceeding by an administrator, to sell lands incumbered by mortgage, for the payment of debts, to which the mortgagee was a party. The court of common pleas (then a court of probate) assigned dower to the widow, found the amount due on the mortgage, and ordered it paid out of the proceeds of the sale.; and further decreed that the mortgage be cancelled. The decree of cancellation was held to be without authority and void. ¥e do not question the correctness 'of that holding, or perceive 'wherein it is in conflict with Lindemann v. Ingham, supra.
It was, when the court went beyond the distribution of the fund under its control, and adjudicated upon rights not involved in, or necessary to such distribution, that it exceeded the measure of its jurisdiction.

Judgment affirmed.