# Supreme Court Decisions.

## PROBATE COURT HAS JURISDICTION OF ADMINISTRATOR UNTIL HIS ACCOUNTS ARE SETTLED.

In the Matter of the Estate of James Morrison, Deceased.

Decided, April 28, 1903—68 Ohio State, p. 252.

*Appointment of Administrator by Probate Court—Gives Court Jurisdiction of Person of Administrator—Until His Accounts are Settled— Such Jurisdiction not Ousted by Appointment of Successor, when— Probate Law.*

The appointment of an administrator by the probate court, and his acceptance of the trust and qualification as such, gives that court jurisdiction not only of the estate, but also of the person of the administrator until his accounts as such administrator are settled. And that jurisdiction is not ousted by the fact that on motion of parties interested and after due notice to the administrator, the court makes an order requiring him to make settlement, and at the same time and by the same entry orders his removal and appoints a successor.

Error to the Circuit Court of Knox County.

In the year 1852 the plaintiff in error, Robert Miller, was appointed by the Probate Court of Knox County, administrator de bonis non with the will annexed of the estate of James Morrison, deceased, late of that county. In the year 1862 Miller filed a partial account as administrator, which was duly approved. In the year 1890 a suit was brought in the Court of Common Pleas of Knox County against Miller, as administrator, by defendants in error, Letitia S. Ogelvie et al, beneficiaries under the will of Morrison, to compel Miller to account for assets of the estate not before accounted for, which cause being tried in the common pleas was appealed to the circuit court, where on trial at March Term, 1895, a finding and judgment was had in favor of plaintiffs, and it was further ordered that "this cause be sent to the Probate Court of Knox County, Ohio, with orders to carry the decree of this court into effect, and to take the above account as therein ordered."

Soon thereafter a motion was made by the legatees to require Miller to give a new bond, the sureties on his original bond being dead. Due notice being given Miller of the motion and of the hearing thereof, and he failing to show any reason to the contrary, such order was entered. Miller failing to comply was removed and one Sapp appointed as his successor. It was also, at the same time and by the same entry, further ordered "that the said Robert Miller do forthwith deliver to said Dwight E. Sapp, as such administrator, upon his being qualified as such administrator, all moneys and property in his hands belonging to said estate, and pay over to him the balance due and owing said estate. It is further ordered that said Robert Miller make final settlement of his administration of this estate."

On motion of Sapp, administrator, a citation was then issued to Miller to file an account of the administration of the estate. He answered denying the jurisdiction of the court, arguing that he had been removed and was not then acting as administrator. Demurrer to this answer was sustained and Miller ordered to account. Attachment was then issued as for a contempt. To this Miller made the same answer. The probate court held against him and a writ of attachment was ordered. Thereupon, on December 11, 1895, Miller filed an account. Exceptions were taken to the account by the defendants in error and others, and being in part adjudged against them, the cause was by them appealed to the court of common pleas. In that court Miller interposed a motion to dismiss the appeal on the ground that neither the probate court nor that court had jurisdiction either of the account or of the accountant. This motion was sustained and the cause ordered dismissed. On error to the circuit court the judgment of the common pleas was reversed for error in sustaining the motion to dismiss the appeal, and Miller brings error.

*McIntire & McIntire* and *Cooper & Moore,* for plaintiff in error, cited and commented upon the following authorities:

Section 8, Art. IV, Const.; Sec. 524, Rev. Stat.; *Davis* v. *Davis,* 11 Ohio St., 386; Secs. 6015, 6017, 6018, 6019, 6049, 6057, 6178, 6204, 6205, 6207 and 6208, Rev. Stat.; *Weaver* v. *Reese,* 6 Ohio, 418; *Tracy* v. *Card,* 2 Ohio St., 431; *Curtis* v. *Lynch,* 19 Ohio St., 392; *Douglas* v. *Day,* 28 Ohio St., 175; *O'Conner* v. *State,* 18 Ohio, 225; *Mighton* v. *Dawson,* 38 Ohio St., 650; *Gorman* v. *Taylor,* 43 Ohio St., 86; *Newton* v. *Hammond,* 38 Ohio St., 430;

*Slagle* v. *Entrekin,* 44 Ohio St., 637; *Bolles* v. *Stockman,* 42 Ohio St., 445; *Garver* v. *Tisinger,* 46 Ohio St., 56; 1 Woerner Am. Law of Adm., 589; *Casoni* v. *Jerome,* 58 N. Y., 315; *Nevitt* v. *Woodburn,* 160 Ill., 203; *In re Hood,* 104 N. Y., 103; *In re Radovich,* 74 Cal., 536.

*J. B. Waight* and *J. B. Graham,* for defendants in error, filed no brief.

SPEAR, J.; BURKET, C. J.. DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

It was the opinion of the circuit court that the probate court had jurisdiction over Miller, and the account he was required to file, and the exceptions thereto, although he had been removed for non-compliance with the order to give an additional bond. In this we think that court was right.

The precise question has not before been presented to this court; at least, not in any reported case. Attention is called by counsel for plaintiff in error to the cases of *Weaver* v. *Reese,* 6 Ohio, 418; *Tracy* v. *Card,* 2 Ohio St., 431; *Davis* v. *Davis,* 11 Ohio St., 386; *Curtis* v. *Lynch,* 19 Ohio St., 392; *Douglas* v. *Day,* 28 Ohio St., 175; *Mighton* v. *Dawson,* 38 Ohio St., 650; *Slagle* v. *Entrekin,* 44 Ohio St., 637, and *Garver* v. *Tisinger,* 46 Ohio St., 56, and it is sought to draw from them the rule that the only mode provided by law in this state for enforcing a determination of the amount due the estate from an administrator who has been removed, is by suit on the administration bond. It is true that chance observations here and there in some of these cases tend to give color to this proposition, but the question was not before the court in any of these cases, nor is it believed that any of the judges who prepared the opinions intended to express a personal judgment upon it.

It is true, also, that, as held in *Davis* v. *Davis, supra,* the probate court is one of special and limited jurisdiction, and that the grants of power are specific and that other powers are limited to such as are necessary and proper to carry into effect the powers expressly granted. But the Constitution provides that that court "shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the account of executors, administrators and guardians * * * and such other jurisdiction, in any county or counties, as may be pro-

vided by law." And the statute, in furtherance of the general power, specifically provides jurisdiction "to direct and control the conduct, and to settle the accounts of executors and administrators, and to order the distribution of estates." These provisions, though specific, are comprehensive and ample, and entirely cover the case unless the fact that the administrator had been removed ousts that court of its jurisdiction of his person and of his accounts. Why should it? That court has original jurisdiction of the *res,* the estate; it is incumbent upon that court to require the administrator to perform his duty. He had not settled the estate, and was liable to be ordered at any time to file his final account. The probate court is the court in which it should be filed. No other court is so well suited to direct the duty in that respect and enforce its performance. True, also, is it that so far as subsequent conduct of the administration of the estate is concerned his power was at an end; but his full duty had not been performed, and it appears the extreme of technicality to assume that the court from which he derived all his powers is shorn of jurisdiction to enforce obedience to the plain duty incident to those powers. Among those plain duties was that of duly accounting in that court for his trust, and this duty was a continuing one. His bond specifically requires that he render a true account when required by the law. The law (Section 6175) also specifically provides that he shall within eighteen months after appointment render an account, and in like manner render further accounts every twelve months thereafter until the estate shall be wholly settled, and this provision is irrespective of any order of the court to that effect. *Slagle* v. *Entrekin, supra,* is authority for the proposition that an administrator can not oust the probate court of jurisdiction by resigning pending the settlement of his accounts. In that case the administrator had filed an incorrect account. Does not the principle apply as well to a case where he has neglected to file any account? The crucial fact is present in both cases, viz., that the administration of the estate remains unsettled. His accounts relating to past transactions have not ceased to be the accounts of his administration simply because his power to carry on future transactions is gone.

We are not materially aided by text-writers, or, by adjudications in other states, inasmuch as the jurisdiction of the probate court in any state depends upon the Constitution and statutes of that state. Nor is there special and definite provision by our statute. But there is no suggestion in Sections 5994 to 6252, or elsewhere that

we have been able to discover, that an administrator may not, after removal, be required to account to the probate court for past transactions, and that court thereupon adjudicate such account. There is an apparent legislative intent that such course is proper, found in the act of April 11, 1884 (Section 6175a, Revised Statutes), by which it provided that where an administrator has died before the estate has been fully administered, his executor or administrator is required to render a final account of such administration within six months. And in the recent case of the *Estate of Plummer Sidwell, deceased,* 67 Ohio St., 464, this court held, in giving construction to that statute, that exceptions might be taken to such account, and that it was a duty incumbent on the administrator to defend the estate in the probate court, and by appeal if necessary. Prior to the passage of this statute it had been held that there was no power to compel such action by the administrator of a deceased administrator, and that, in that condition, the only remedy was a suit on the bond. But in such case there was no person *in esse* under any obligation to fulfill the duty, the party who had engaged to do it having deceased. In the present case there is a party living upon whom the duty rests which duty is expressed in the plain terms hereinbefore given. Is it not entirely clear that such accounting was required in this case, if not by the court at least by the law? Section 6175a provides that the probate court is the tribunal to settle the accounts of an administrator whose powers have ceased by death. Can it be said that, giving effect to the spirit of this law, it is any less the tribunal in a case where the administrator's powers have ceased by removal?

There is, too, force in the suggestion that, if the administrator was not otherwise before the court for the purpose of an accounting, he was there by virtue of the proceeding then pending. It is clearly within the power of the probate court to order the filing of an account by a delinquent administrator whether moved thereto by an interested party or not. Such filing relates to his conduct as administrator. Miller was before the court in a matter respecting his conduct. The entry should be taken as a whole. The same adjudication which ordered his removal likewise ordered him to account. It is not doubted that the order of removal was effective. How can he plead want of jurisdiction as to one part of the adjudication more than to the other?

We are of opinion that the probate court had jurisdiction of the person of the administrator as well as of the subject-matter, and

that there was no error in the holding and judgment of the circuit court to that effect.

*Judgment affirmed.*