[Columbiana (7th) Circuit Court, October Term, 1904.]

Laubie, Burrows and Cook, JJ.

ANNA LAURA MELLINGER v. ALBERT W. MELLINGER ET AL.

CANCELLATION OF ELECTION OF WIDOW UNDER LAN. R. L. 9503 (R. S. 5964).

> A deputy clerk of the probate court has no authority under Lan. R. L. 9503 (R. S. 5964) to receive the election of a widow to take under the will of her deceased husband; and when such election is made before a deputy clerk the same will be cancelled and vacated upon a suit in equity for that purpose.

APPEAL from common pleas court.

**S. W. Ramsey**, for plaintiff.

Respecting the election of widows, Lan. R. L. 9503 (R. S. 5964) imposes a duty upon the probate court to explain the provisions of the will and the right under it and the law in event of the refusal of the widow to take under the will. 10 Am. & Eng. Enc. Law (2 ed.) 351; 26 Am. & Eng. Enc. Law (2 ed.) 598, n. 1 and 2; 665, n. 5; 688, n. 5; Slingluff v. Weaver, 66 Ohio St. 621 [64 N. E. Rep. 574]; State v. Chase, 5 Ohio St. 528; Householder v. Granby, 40 Ohio St. 430; Davis v. Davis, 11 Ohio St. 386.

As to the probate record. 24 Am. & Eng. Enc. Law (2 ed.) 192, 193, 194; Davis v. Davis, 11 Ohio St. 386.

**C. S. Speaker,** for defendant.

## COOK, J.

The question made in this case is upon the election of a widow to take under the will of her deceased husband.

On October 10, 1901, Melchor Mellinger died testate. On October 30 of the same year the will was probated and the widow, plaintiff, elected to take under the will.

The election was taken by Miss Atchison who was said by counsel to be deputy probate judge, but in fact under the statute could only be deputy clerk of the probate court, Lan. R. L. 819 (R. S. 533).

The object of this action is to cancel the election to take under the will made in the probate court.

In the case of Davis v. Davis, 11 Ohio St. 386, it was determined that the party is entitled to such relief where the election was procured by fraud or imposition or entered under such a mistake as would justify its rescission.

It is claimed by plaintiff that she was not fully informed of her rights under the law by Miss Atchison, as required by Lan. R. L. 9503 (R. S. 5964) and the evidence supports her claim; but the more important question is, was she informed at all?

What authority had Miss Atchison, as deputy clerk, to take the election? She could perform such clerical or ministerial duties only as pertained to her as clerk of the court. Warwick v. State, 25 Ohio St. 21.

Taking the election of a widow and advising her of her rights under the will, and under the law, are judicial functions and can only be exercised by the judge in his judicial capacity. In giving such advice he must know the law and exercise judgment and judicial discretion in ascertaining whether or not the widow understands her rights. What would a mere deputy clerk who has possibly been in the office but a few weeks or months know about her rights under the will or the law? Indeed it is difficult sometimes for those well versed in the law to know what a beneficiary's rights are under a will. Laning R. L. 9503 (R. S. 5964) seems to provide that the advice must be given by the judge. It says:

"It shall be the duty of the court to explain the provisions of the will, the rights under it, and by law in the event of a refusal to take under the will."

Mellinger v. Mellinger.

Decree will be entered as prayed for .in the petition, that the entry in the probate court be cancelled and vacated, and the plaintiff restored to her rights in the same manner as if no such entry of election had been made.

**Laubie** and **Burrows, JJ.,** concur.

---

## OFFICE AND OFFICERS—WORDS AND PHRASES.

[Perry (5th) Circuit Court, November Term, 1904.]

Voorhees, McCarty and Winch, JJ.

(Judge Winch of the eighth circuit sitting in place of Judge Donahue.)