Crew, J.
This action was commenced originally by the defendant in error, Anna Laura Mellinger, widow of Melchor Mellinger, deceased, in the. court of common pleas of Columbiana county. The object of the suit was to procure the cancellation and to have annulled, a certain entry of election theretofore made by her in the probate court of said county, wherein it was made to appear that she had duly elected to take the provision made for her under and' by the will of said Melchor Mellinger, her deceased husband. .. As her cause of action, and by way of *224 statement of the facts upon which she predicated her right to the relief prayed for in her amended petition, she alleged that upon the admission to probate of the will of said Melchor Mellinger by the probate court of Columbiana county, — by the terms of which will a life estate in certain real property was conditionally devised to her, — that “the said probate court forthwith issued a citation to plaintiff to appear before said court and elect whether to take such provision or be endowed of the lands of said deceased, and in compliance with said citation this plaintiff, as widow of said deceased, on the thirtieth day of October, 1901, appeared in person in said court and then and there made application to take under said will and it thereupon became the duty of said court to explain to plaintiff the provisions of said will, her rights under it, and by law in the event of her refusal to take under said will, which duty was not at any time performed by said court, the judge thereof, or any person acting for him; and said court and the judge thereof, and all persons having authority in said court, wholly neglected and failed to explain to plaintiff the provisions of said will, or her rights under it, or her rights by law in the event of a refusal to take under said will, and such explanation was not at any time made to her or in her hearing by said court or anyone acting in authority thereof.
“And thereupon plaintiff, without explanation as aforesaid, elected to take under the provision of said will and said election was then entered upon the minutes of said court, but plaintiff avers that she had no knowledge respecting her rights by the law, in event of her refusal to take under said will, and said election so made without such knowledge was *225 and still is prejudicial to her in these particulars, then unknown to her, to wit: (particulars stated) # * These several allegations were each and all of them denied by defendants in their answer, except only the allegations, that provision was made for said Anna Laura Mellinger in the will of her deceased husband, and that she had elected to take under said will the provision therein made for her. And defendants in their answer aver “that plaintiff’s rights, and what she would take under the law and under the will, were fully and clearly stated and explained to her by an attorney from whom she took counsel, upon a number of occasions before plaintiff made her said election to take under the will in probate court; that at the time of making said election she was fully advised in the premises by a competent party and fully and clearly understood her rights and what she would take under the law and under the will and elected to take under the will with full knowledge of the situation and of her rights and of what would be coming to her both under the law and under said will; that neither fraud nor imposition was practiced upon plaintiff in any way regarding the making of her said election or to bring the same about, nor was plaintiff acting under any mistake as to her rights when she made said election; that plaintiff had knowledge of the indebtedness of said estate when she made said election; that the plaintiff has lived for two years and three months in the homestead property without paying rent, by reason of said election and the estate can not well be put in .statu quo now should said election be rescinded.”
After trial and judgment in the court of common pleas said cause was appealed to the circuit *226 court where it was again tried. Upon trial in the circuit court that court, as shown by the record, found and decreed as follows:
“This day this cause came on to be heard upon the pleadings and testimony and argument of the counsel, whereupon the court find that the averments of the amended petition are true; that on the thirtieth day of October, 1901, the plaintiff, Anna Laura Mellinger, as widow of Melchor Mellinger, elected to take under the provisions of her husband’s will, but the probate judge failed to explain to her the provisions of said will, her rights under it and by the law, in event of her refusal to take under said will, except as inquiry was made of her as to her knowledge and intentions by the deputy in the probate office, when she appeared therein, and that the deputy in the probate office was without authority to take such election. Her said election made in the probate court of this county is hereby set aside and held for naught and that part of the probate record concerning her election which reads as follows, to wit:“This day personally appeared in open court, Anna Laura Mellinger, widow of Melchor Mellinger, deceased, whereupon the court explained to her the provisions of her said deceased husband’s will and her rights under it, also her rights under the law, and she elected to take under the will, ’ is hereby cancelled and annulled; and it is ordered that the clerk of this court certify to the probate court of this county, the final judgment in this action; to all of which findings of facts, conclusions of law, and judgment, each of the defendants at the time excepted.”
The findings of fact made by the circuit court, that the averments of the plaintiff’s amended peti *227 tion are true, and that at the time of the making of her election, the probate judge failed to explain to said Anna Laura Mellinger, the provisions of said will, her rights under it, and by the law in the event of her refusal to take under said will, except in so far as some explanation was made to her by a deputy clerk in said probate office, — must, in the absence of a bill of exceptions exhibiting the evidence introduced at the trial, be taken by this court as conclusive of the facts so found. The only question therefore, properly before us upon this record is: may the duties imposed upon the probate court by the provisions of section 5964, Revised Statutes, be discharged or performed by a deputy clerk? Section 5964 provides as follows: “The election of the widow or widower to take under the will shall be made in person, in the probate court of the proper county, except as hereinafter provided; and on the application by a widow or widower to take under the will, it shall be the duty of the court to explain the provisions of the will, the rights under it, and by law in the event of a refusal to take under the will.” * * * It will be observed that the language of the statute above quoted is imperative in character and that the duty thereby imposed is a judicial duty the performance of which, in express terms, is enjoined upon the court. Such duty may not therefore, in the absence of express statutory authorization, be discharged or performed by a deputy clerk charged only with the performance of duties merely clerical in their nature. In Ohio a deputy clerk of the probate court is legally empowered to perform such duties, and such only, as are authorized by section 533 of Revised Statutes, which section provides as follows: “Each pro *228 bate judge may appoint a deputy clerk or clerks, each of whom shall, before entering upon the duties of his appointment, take an oath of office, and when so qualified, such deputy may perform any and all the duties' appertaining to the office of clerk of the court; and such deputy clerk is authorized to administer oaths in all cases in which it is necessary, in the discharge of his duties as such deputy clerk.” A deputy clerk appointed under this section does not, by virtue of such appointment become deputy probate judge, and acts performed by him after his .appointment are not therefore, within the rule, that ■the acts of the deputy are regarded in law as the acts of the principal. We are of the opinion therefore, that a deputy clerk of the probate court is without authority or right, under section 5964, Revised Statutes, to receive the election therein provided for, of a widow or widower to take under the will of a deceased consort, and an election so taken .and entered of record, may, on petition to the court of common pleas, when no new interests have intervened, and equity requires it, be cancelled and set aside, even after the expiration of one year, the time limited by statute within which election shall be made. Davis v. Davis, 11 Ohio St., 386. While there is no allegation in the amended petition of Anna Laura Mellinger in this case that she was intentionally deceived or misled, or that information as to her rights was purposely concealed or withheld from her, yet the fact remains, and is within the finding of the circuit court, that whatever election was made by said Anna Laura Mellinger in the probate court of Columbiana county, was made by her in ignorance of her rights in the estate of her deceased husband under the law, in the event she *229 refused to take under the will. Before making her election she was entitled to fullest information as to the provisions of said will, — her rights under it, and under the law, in the event of her refusal to take under the will; and it was the imperative duty of the probate court to advise and inform her touching these matters. Election necessarily involves choice, and intelligent choice involves a knowledge both of the facts and the law applicable to the subject-matter, with reference to which a choice is to be made. And where, as in the present case, an election is made by the widow, without full knowledge of the condition of the estate, and of her rights, but in ignorance of both, it can not, as matter of fact, be asserted that she has made any choice or election; and this being true, by force of the statute, section 5964, she shall retain her dower, and such share of the personal estate of her deceased husband as she would be entitled to by law, in case her husband had died intestate leaving 'children. It is suggested by counsel for plaintiffs in error in their brief, that the defendant in error, Anna Laura Mel-linger, is now estopped to deny her election. As to this claim we think it sufficient to say, that the act apparently relied on, (her occupancy of the homestead) is not, under the circumstances, such act as shows an election in fact on her part, or in equity creates an estoppel against her in this ease. In Millikin v. Welliver, 37 Ohio St., 466, Johnson J., in the opinion says:
“In order that the acts of a widow shall be regarded as equivalent to an election to waive dower, it is essential that she act with full knowledge of all the circumstances and of- her rights, and it must appear that she intended, by her acts, *230 to elect to take the provision which the will gave her. These acts must be plain and unequivocal, and be done with a full knowledge of her rights and the condition of . the estate. A mere acquiescence, without a deliberate and intelligent choice, will not be an election. .1 Lead. Eq. Cas., title ‘Election;’ Anderson’s Appeal, 36 Pa. St., 476, 496; Bradford v. Kent, 43 Pa. St., 474; English v. English, 5 Green Ch., 504; O’Driscoll v. Koger, 2 Desaus., 295; Wake v. Wake, 1 Vesey, Jr., 335; Reynard v. Spence, 4 Beav., 103; Tooke v. Hardeman, 7 Geo., 20; Dixon v. McCue, 14 Gratt., 540.
“It is believed no case can be found where the facts are held sufficient to amount to an election to waive the widow’s rights under the law, unless they are of such a marked character and-of such long duration as will clearly and distinctly evince a purpose to take the provisions of the will, and to operate as an effectual equitable bar to dower.”
The judgment of the circuit court in this ease was right and should not be disturbed.
Judgment affirmed.
Davis, C. J., Shauck, Price, Summers and Spear, JJ., concur.