Roberts, J.
Error to Ashtabula Probate Court.
This matter has been heard upon the petition in error of Carrie E. Gleason, as heir at law of C. D. Ferguson, deceased, and a transcript of the docket and -journal entries of the probate court of this county, from an examination of which it is learned that the facts involved are substantially as follows:
*418 On the third day of January, 1907, A. C. Tombes, as administrator of the estate of C. D. Ferguson, deceased, filed his application in that court for a determination of the amount to be expended for a monument to the memory of said decedent, with the acceptance of the service of notice of the application, by Barbara Ferguson, widow, and Carrie Gleason, heir at law of the decedent.
On the eighth day of January, hearing was had upon a demurrer to the application, which was overruled, Carrie Gleason at the time excepting thereto.
On the twenty-second day of January, the application was heard and submitted to the probate court upon the evidence, and thereupon the probate court found that Barbara Ferguson, widow, had applied to the administrator for the erection of a monument to the memory of said decedent, that no monument had been erected, that a suitable menument should be erected, and that the sum of $300 is a reasonable amount to be expended for said monument. It was then ordered by the court that if the widow and next of kin of said decedent failed to erect a suitable monument on or before July 7, 1907, said administrator shall' erect a monument at the grave of said C. D. Ferguson, deceased, the cost whereof shall not exceed the sum of $300, and charge the expense of said monument and the erection thereof to the estate of said decedent. To which holding and order Carrie Gleason excepted and subsequently filed-her petition in error in this court.
Carrie Gleason alleges that there is error in the record and proceedings in this, to-wit: First. That said probate court had no power or jurisdiction in said cause and in said proceedings to hear or determine the questions or issues raised by the application of said administrator. Second. That said probate court had no power or jurisdiction in said proceedings and no power to make the order for the erection of a monument or to fix the amount to be expended therefor at the time and in the manner said order was so made. Wherefore, she prays that said order be set aside and held for naught
The only express statutory provision specifically mentioning a monument or tombstone and giving the probate court jurisdic *419 tion relating thereto, is found in Section 6185, Revised Statutes, and reads as follows:
“The court may also, in settlement, allow, as a credit to the executor or administrator, any just and reasonable amount expended by him for a tombstone or monument for the deceased, and for any just and reasonable amount he may have paid to any cemetery association or corporation as a perpetual fund for earing for and'preserving the lot on which said deceased is buried; but it shall not be incumbent on any ¿xecutor or administrator to procure a tombstone or monument or to pay any sum into any such perpetual fund.”
It is claimed, however, by counsel representing the widow, that the general jurisdiction of the probate court in the settlement of estates is broad enough to justify the action of the probate court and to make its finding effective and binding upon the administrator to purchase, erect and pay for a monument out of the funds of the estate. It therefore becomes- important that inquiry be made concerning what, if any, general jurisdiction the probate court could or had a right to exercise in this matter.
Article IV, Section 8 of the Constitution of the state of Ohio reads as follows:
“The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, and such other jurisdiction, in any 'county or counties, as may be provided by law.”
Thus it is learned that the probate court has such jurisdiction in the settlement of decedents’ estates as may be provided by law.
It has been provided by law, Section 524, Revised Statutes, quoting so .far as applicable: '
“The probate court shall have exclusive jurisdiction, except as hereinafter provided: * * * Third, to direct and control the conduct and to settle the accounts of executors and administrators, and to order the distribution of estates.”
*420 This is the general authority given by statute to probate courts, relative to the matter in controversy. While it is thus provided that such court has the right to direct and control the conduct of executors and administrators, it will not be contended that such right to direct and control could or should go beyond such direction and control as may be authorized by law. That is to say, the probate court could not require an administrator to perform any act outside of, or beyond, a proper and legal administration of the estate represented.
In the ease of Davis v. Davis, 11 Ohio St., 386, 391, it is said, after quoting Section 524, Revised Statutes:
“And this is true of all the jurisdiction thereby conferred: they are all grants' of specific and not general jurisdiction, and the .auxiliary and incidental powers of the court are expressly limited to such as are ‘necessary and proper’ to carry into effect the powers thereby expressly granted.”
As has been said, it is not claimed that there is any express authority in the statute for the action of the probate court in ordering the purchase and erection of a monument. There is no specific jurisdiction therefor, and no provision has been made for general jurisdiction. Therefore, there is no power reposed in the probate court except as said by the court in this opinion: “Such auxiliary and incidental powers as are ‘necessary and proper’ to carry into effect the powers thereby expressly granted.” As no power to compel or order the purchase, erection and payment of a tombstone is expressly granted, then there could be no incidental or auxiliary power.
Davis v. Davis, supra, was- an action in which a widow, having elected to take under the will of her husband, subsequently brought a proceeding in the probate court asking that the election theretofore made be set aside and canceled, for the reason, as she claimed, that she was not fully aware of the provisions of the will and of the effect of the election.
It was held in this case that the probate judge had no authority to set aside the election first made. The court holding that the duties of the probate judge terminated with the entry of election, showing affirmatively a compliance ■ with the law, *421 and that he had no right to exercise further jurisdiction in the matter, and that if her election was procured by fraud or such mistake as would justify its recission, resort should have been had to the chancery powers of the court of common pleas.
Jones v. Home & Savings Assn. Co., 18 C. C., 189, involves the power of the probate court to set aside an assignment made by the defendant company for the benefit of its creditors, and it was held by Judge Laubie, of our circuit court, that the probate court had no power to so do, the law only authorizing that court to receive a deed of assignment, and not providing for any right to adjudicate upon its legality.
Judge Laubie in this case quotes from Clapp v. Banking Co., 50 Ohio St., 528, where it is said:
“A power given to make a particular order implies authority to hear and dispose of all questions which it is necessary to.have settled before the making of such final order, unless the needed authority is distinctly denied.”
And held that that principle had no application to the case he then had under consideration, saying: ‘ ‘ That probate courts have the power to adjudicate upon all questions which are. necessary to be settled before making an order which they are expressly authorized by statute to make.”
Upon this authority of our own circuit court it is learned that While the probate court has authority to receive a deed of assignment and settle an insolvent estate, it can not determine the legality of the deed, not having express authority so to do; which would seem to approach more nearly to the auxiliary or incidental power than can be claimed in the case under consideration.
The first paragraph of the syllabus in Jackson County v. McGee, 20 C. C., 203, reads as follows:
“Probate courts can take jurisdiction of no matter or proceeding unless authorized by provision of the Constitution or statute. ’ ’
I will not take time to quote further from this case which involves a question of incidental powers of the probate court, *422 and it was decided adversely to its jurisdiction. Similar questions are discussed with like holding in Jones v. Green, 21 C. C., 96. The syllabus reads as follows:
“[Probate Court — Jurisdiction io compel administrator to perform deceased’s contract.] The probate court is not expressly vested with jurisdiction to order an administrator, against his objection, specifically to perform an agreement alleged to have been made by his intestate; and such an order so made merely on motion of a party to the agreement and not necessary to effectuate some power expressly conferred, is coram non judice, and void.”
It is said in Hoffman v. Fleming, 66 Ohio St., 143, 156, after referring to Article IV, Section 8 of the Constitution, and Section 524, Revised Statutes:
“These statutory provisions do not, and can not, limit or enlarge the jurisdiction of the probate court in the matters mentioned.” ,
“The probate court has no jurisdiction but such as is conferred by the Constitution and the statutes of Ohio.” Jones v. Wright, 1 C. C. — N. S., 59.
It is said in 1 Woerner, Administration (2d Ed.), Section 142:
“We have seen that by the common law the entire scope of jurisdiction over the estates of deceased persons vested in the ecclesiastical, common law and chancery courts. Hence, there being no ecclesiastical courts in America, all such jurisdiction, in so far as it became a part of the judicial system of the states, necessarily vested in the common law and chancery courts, to the extent in which it was not lodged elsewhere by statute. It follows from this, that although in many of the states the constitution establishes or provides for the establishment of courts of probate, yet they take all their powers from the statutes regulating them. From this circumstance arises an important rule to be. observed in ascertaining the extent of power lodged in any one of this class of courts; they can exercise such powers only as are directly conferred upon them by legislative enactment, or necessary to carry out some power so conferred.”
Armstrong v. Grandin, 39 Ohio St., 368, was an action in which a probate court authorized to order distribution of estates, *423 undertook to designate the person to whom distribution should be made. It was held that it had nó such power. Quoting from page 374 of the opinion:
“It has been settled in Swearingen v. Morris, 14 Ohio St., 424, 432, and Cox v. John, 32 Ohio St., 532, that the only order of distribution here authorized to be made, is a general order to the executor or administrator to distribute the funds remaining in his hands according to law.”
Curtis v. Bank, 39 Ohio’ St., 579, involved an action upon a promissory note given by an administrator in part payment for a monument purchased by him as such administrator. In the opinion of the court commencing on page 581 it is said:
“At the time this monument was purchased, it was lawful for the probate court, at its discretion, to allow the administrator in his settlement any just and reasonable amount expended for a monument. But the administrator was not allowed to interfere with the heirs of the intestate in erecting one. Boyd had no power to bind the estate, unconditionally, by the purchase of a paonument. He took the risks of a refusal of the probate court to allow the ‘amount expended’ by him for it, and of his interference with the heirs in erecting one.”
If, as said by the court, the administrator had no power to bind the estate unconditionally, it would seem to be at least a doubtful proposition that the probate court had a right to require him to do that which the Supreme Court has said he can not do.
It is urged in behalf of the administrator that the order for the purchase of a monument is not prejudicial to the interests of any one and that the probate court merely anticipated his discretionary power on the filing of an account, to approve of an item incurred in the purchase of a' monument, and that it is a matter of great convenience in the administration of an estate, and a source of security to the administrator, to be able to. .ascertain in advance what the probate court will approve of upon the consideration of. an account.
The bar generally has felt the desirability for the safety of an administrator, of obtaining an advance opinion of what, in *424 this respect, would meet the approval of the probate court, and it is very probable that express statutory direction giving the probate court power to order a monument and its payment out of the assets of the estate would be promotive of good results.
McGiffert & Ullman, M. A. Soules and H. E. Starkey, for plaintiff in error.
Hoyt, Munsell & Hail, contra.
In Isom v. Railway, 10 C. C. — N. S., 89, decided in Cleveland by special circuit court, in response to a suggestion by the defendants that it was unfair and a hardship that one person might be permitted to, by injunction, retard or defeat the construction of a street railway, it was said by the court that that was not a proposition which the court had a right to consider, but its duty was to accept and enforce the law as passed by the' Legislature.
The.probate court is, by Section 6185, Revised Statutes, given discretionary power to allow credit for a tombstone or monument. The effect of the order made in this case was to destroy the discretion to be exercised by it on the filing of an account. While it is not necessary to speculate upon the reasons for the legislation as it is found, presumably it was thought best that the court should have and retain until the filing of an account this discretionary power, which should then be exercised with a more complete knowledge of the condition of the estate and what would be a suitable sum to be expended for such purpose.
Referring again to Section 6185, Revised Statutes, it is said, “it shall not be incumbent on any executor or administrator to procure a monument or tombstone.” What right then has the court to order him to do that which the statute says it shall not be incumbent on him to do?
The conclusion is thus arrived at that the probate court was without power to make the order complained of, and it is therefore vacated.