Spear, J.
The ground of the demurrer was that the probate court was without jurisdiction to entertain and act upon the application, and that is the question made hére. If there was jurisdiction in the probate court of the application its action in approving of the administrator’s recommendation and in sustaining the application is without question; if it was without jurisdiction it follows as matter of course that the attempted order and judgment were at least erroneous.
We suppose it cannot be disputed that to maintain the jurisdiction of the probate court it must be shown either that the erection of a monument at the grave of the deceased is á step in the settlement of the deceased’s estate, or is an expenditure of the funds of the estate authorized by some legislative provision.
Manifestly the former proposition cannot be maintained. To settle the estate is to collect and marshal the assets, pay the debts, and distribute according to law and the order of the court the balance found for distribution. The erection of a monument at the grave of the deceased is intended to do honor to and to perpetuate his memory. Funeral expenses, those of last sickness and ex *62 penses of administration, and certain allowances to the widow and children, if any, are by our statute in effect classed as debts of the estate, and are directed to be paid in their order. The provision for payment of funeral expenses rests upon the solid ground of necessity, and it would seem clear that the erection of a monument to the memory of the deceased could not be regarded as a necessity, and hence could not, by any stretch of liberality, be classed' within the terms of our statute as funeral expenses. And, independent of statutory authority, the administrator has no duty in that regard. Such provision rests upon a matter of sentiment, and whatever duty to satisfy that sentiment attaches to the living devolves upon the heir-at-law, the next of kin. Moreover, such heirs in most instances take by inheritance the land on which the monument would be placed and thus succeed to the title to the monument itself. We look, therefore, to the statute to ascertain what, if any obligation, rests upon the administrator.
Section 6185 of the Revised Statutes affords the only provision on the subject. We quote: “The court may also, in settlement, allow, as a credit to the executor or administrator, any just and reasonable amount expended by him for a tombstone or monument for the deceased, and for any just and reasonable amount he may have paid to any cemetery' association or corporation as a perpetual fund for caring for and preserving the lot on which said deceased is buried; but it shall not be incumbent on any executor or administrator tc procure a tombstone or monument or to pay any sum into any such perpetual fund,”
*63 The general assembly, having thus had the subject before it, it is reasonable to assume that that body enacted all the legislation respecting the subject-matter, and devolved upon the probate court all the power to make orders respecting that matter, that it was deemed wise to provide. The statute, it will be noted, devolves no affirmative duty on the administrator in that regard, but, on the contrary, distinctly provides that it shall not be incumbent on the administrator to procure such monument. Not only the apparent purpose, but the expressed purpose of the statute, is to leave the matter to the judgment of the administrator in the first instance subject, however, to the approval or disapproval of the probate court upon the presentation to the court of his settlement account. It may be that, in the judgment of the general assembly, the question of such expenditure could be more wisely determined upon the showing to the court of the actual condition of the estate upon final settlement than at an earlier time and during the process of the estate’s settlement,, the question then coming as a new question, and the judgment of the court being free from embarrassment by reason of any previous attempted authority or direction on its part given to the administrator. Possibly some other method of treating the subject would have been wiser. We are not concerned with that. It is the court’s duty to take the statute as it finds it and give to it such force and effect as its language plainly imports, rather than to seek to en-graft upon it a result foreign to its manifest purpose.
*64 Some decisions of courts of other states .are called to our attention by counsel for plaintiff in error. Perhaps the one having nearest application is that of Fairman's Appeal, 30 Conn., 205. A testator had devised to one Booth, subject to a life estate of the widow, certain real estate “on condition that he pay at my decease all my just debts and funeral expenses.” In his account the executor (Booth) had charged against the estate the expense of two stones placed at each -end of the grave, so placed to mark,- define and protect it, the amount so charged being fifteen dollars. The court held that such stones might be regarded as part of the funeral- expenses, and should be paid for by the executor in his individual capacity and not charged to the estate, the court being careful, however, to add that it is not intended to hold that an administrator may procure such stones in all cases at the expense of the estate. It does not appear that there existed any statute of Connecticut bearing on the subject. It is difficult to perceive that this decision materially aids the counsel’s contention. We do not find it necessary to review other authorities cited.
Nor does the provision of our statute (section 524) giving to the probate court power “to direct and control the conduct and settle the accounts of executors and administrators,” confer jurisdiction to entertain and act upon an application of the character here presented.. Indeed this provision •hardly advances the argument, for while this section authorizes that court to control the conduct of administrators such power can relate only to such orders in respect thereto as the court is *65 authorized by statute to make, that court being a court, as held in Davis v. Davis, 11 Ohio St., 386, and many cases since, “one of special and limited jurisdiction.” It is held by Peck, J., in the opinion: “Its jurisdiction in probate and testamentary matters even is special and not general. * * * This is true of all the jurisdiction thereby conferred; they are all grants of specific and not general jurisdiction, and the auxiliary and incidental powers of the court are expressly limited to such as are necessary and proper to carry into effect the powers thereby expressly granted.” It would seem clear that the power to hear and adjudicate in'advance of settlement by- the administrator the matter of expenditure for a monument would be neither necessary nor proper to carry into effect the power to dispose of such question upon settlement of the estate.
The foregoing considerations lead to the conclusion that the probate court was without jurisdiction to entertain and act upon the application of the administrator for an order respecting the purchase of a monument, and that its order in that matter is wholly without legal effect. It follows that the judgment of both the circuit and common pleas courts will be

Affirmed.

Crew, C. J., Shaucic and Price, JTJ., concur.