Summers, J.
The question to be determined is whether the probate court has jurisdiction against the objection of an administrator to adjudicate a claim made against an estate by a claimant other than the administrator,and to order its payment by the administrator, or to order him specifically to perform a contract alleged to have been made by his decedent.
The probate court is a court of delegated powers, having only such jurisdiction as is conferred upon it by the constitution and statutes, and it has not the inherent general jurisdiction of common law and chancery courts. Davis et al. v. Davis, 11 Ohio St., 386, 391; Gilliland v. Adm’rs of Sellers, 2 Ohio St., 223; Jones v. Savings Asso, Co., 18 O. C. C., 189.
The reason is well stated in Woerner’s Am, Law of Admin., section 112,
*98 “We'have seen that by the common law the entire scope of jurisdiction over the estates of deceased persons vested in the ecclesiastical, common law and chancery courts. Hence, there being no ecclesiastical courts in America, all such jurisdiction, in so far as it became a part of the juridical system of the states, necessarily vested in the common law and chancery courts, to the extent in which it was not lodged elsewhere by statute. It follows from this, that although in many of the states the constitution establishes or provides for the establishment of courts of probate, yet they take all their powers from the statutes regulating them. From this circumstance arises an important rule to be observed in ascertaining the extent of the power lodged in any one of this class of courts; they can exercise such powers only as are directly conferred upon them by the legislative enactment, or necessary to carry out some power so conferred. Unless a warrant for the exercise of jurisdiction in a particular case can be found in the statute, given either expressly or by implication,the whole proceeding is void; but where jurisdiction is conferred over any subject matter, and it becomes necessary in the adjudication thereof to decide collateral matters over which no jurisdiction has been conferred, the court must, of necessity, decide such collateral issues.”
Article 4, section 8 of the constitution provides that the probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such other jurisdiction as may be provided by law.
Section 524, Revised Statutes, provides that the probate court shall have exclusive jurisdiction, among other things, to direct and control the conduct and to settle the accounts of executors and administrators, and to order the distribution of estates. Section 525 confers concurrent jurisdiction in certain specified matters, and section 539 provides that the probate judge shall issue all warrants, attachments, commissions, rules and orders not contrary to law, that are necessary and proper to carry into effect the powers granted to him.
It is not contended that power- to make the order here *99 complained of is specifically- given except-by that provision of''section 524 above quoted. The contention is that the administrator acquires title by virtue.of his appointment; that he holds the estate merely'as an agent of the court, and that he must therefore dispose of it as the court directs. That the conduct of an administrator touching the management of an estate, where not prescribed by statute, is by the provision of section 524 subject to the control of the probate court is not doubted, but that such ample power, as is contended, was intended to be vested in the probate court by that provision, is inconsistent with the practice in this state and with other provisions of the statutes. The statutes relating to executors and administrators provide that claims against the estate, other than those owned by the administrator, must be presented for allowance to the administrator; that he may reject them or refer them to arbitration; that rejected claims shall be barred if a suit for the recovery thereof be not commenced within six months; that the administrator shall not be liable to the suit of a creditor excepting upon a rejected claim until after eighteen months from the date of his administration bond; that a creditor whose right of action will not accrue within two yeras after the date of the administration bond may present his claim to the probate court, and that the court, if it appears that the same is justly due, may, with the consent of the creditor and the administrator, order the same paid, or order that the administrator retain sufficient assets to pay it; but. it is expressly provided that the decision of the court shall not be conclusive against the administrator, and that he shall not be compelled to pay the same unless an action thereon be commenced within six months after it becomes due; that upon complaint made to the' probate court or court of common pleas by any person interested that the administrator or any person is suspected of having concealed any of the assets, the court shall cite such person forthwith to appear before it to be examined on oath, and where the complaint ismade tothe probate court and a jury is demanded by either party, the court may forthwith reserve the case to the court of common pleas.
These provisions specifically require a suit or. an action to establish a rejected claim, and necessarily negative any *100 intention to vest jurisdiction in the probate court by the provision giving it authority to control the conduct of administrators. A suit or an action must be commenced in a court having general jurisdiction of suits or actions, unless otherwise expréssly provided.
Such jurisdiction is conferred by statute upon the court of common pleas, but not upon the probate court.
“Since the functions of probate courts are limited, in respect of executors and administrators, to the control of the devolution of property upon the death of its owner, it is not their province to adjudicate upon collateral questions. The right or title of the decedent to property claimed by the executor or administrator against third persons, or by third persons against him, as well as claims of third persons against creditors, heirs, legatees, devisees, or distributees, must, if an adjudication becomes necessary, be tried in courts of general jurisdiction, unless such jurisdiction be expressly conferred on probate courts.” Woerner’s Am. Law of Admin., section 151.
Again he says, section 153: “The power to adjudicate upon claims against deceased persons is in most states conferred upon the courts having control over the administration of their estates, either exclusively, or concurrently with other courts; but unless such power is expressly granted, the probate courts cannot exercise it. Thus it is held in Maryland, that authority in the orphan’s court to pass such claims, and authorize and approve their payment, does not include the power to ascertain their validity and amount; hence the orphan’s court has no power, against the protestation of the administrator, to decree the payment of any claim until a court of law shall have definitively pronounced on its validity. And in New York the delegation of authority to surrogates to decree distribution to claimants‘according to their respective rights’, and ‘to settle and determine all questions concerning any debt, claim, legacy, bequest or distributive share,’ is held to give them no power to ascertain what such rights were, and they are utterly without jurisdiction either to allow or reject any claim whose validity, not having been established in some competent tribunal, is disputed by the executor or administrator.”
In the original act defining the jurisdiction and regulat *101 ing the practice of probate courts, passed March 14th, 1853, 51 O. L., 167, it was provided that the probate court should have exclusive jurisdiction “to direct and control the conduct, and settle the accounts of executors and administrators” and “to enforce the payment of the debts and legacies of deceased parsons, and the distribution of the estates of intestates. “ This was amended May 1st, 3 854,52 O. L., 103, to read “to direct and control the conduct, and to settle the accounts of executors and administrators, and to order the distribution of estates;” and Ranney, J., in McLaughlin v. McLaughlin, 4 Ohio St., 508, 511, commenting upon these provisions, says, “the act did not extend so far as to permit the executor or administrator to sue in that court for a debt due to the estate, or to subject him to be sued there for a debt disputed by him; but when the funds were in his hands, and the creditors were ascertained, and their debts liquidated, it conferred full power upon the court to compel him to do his whole duty in disbursing the fund, as well to legatees and distributees as to creditors. ”
This amended provision still exists unchanged as a part of section 524, Revised Statutes, and certainly it cannot be that the probate court did not have jurisdiction under the broader provision of the original act to adjudicate a claim disputed by the administrator, but has such" jurisdiction under the narrower amended provision.
The conclusion reached finds support also in the analogous provision as to 'the bringing of suit against the assignee of an insolvent upon- a rejected claim, Revised Statutes, 6452; and in Kennedy v. Thompson, Assignee, 3 Ohio Circuit Court, 446, where that section was under consideration, if is held that neither the probate court,nor a justice of the peace has jurisdiction of such a suit; that it is net a special proceeding, but a civil action,of which the court of common pleas has original jurisdiction,and in which neither party is entitled to a trial by jury,
What has been said is in relation to a claim- or debt against the intestate, but the reasoning is equally applicable to an application for an order directing the specific performance of an agreement alleged to have been made by the intestate.
The reason is not that probate courts have not the power *102 to grant eq-uitable relief, for “while they possess no original chancery powers, yet within the scope of the jurisdiction conferred upon them their powers are not confined to either legal or equitable rules, but are to be measured by the. statutory grant alone,” Woerner, section 392, Doan et al. v. Biteley, 49 Ohio St., 588; Clapp et al. v. Banking Co, et al., 50 Ohio St., 528; but the reason is that jurisdiction of the subject matter has not been conferred.
W. A, Garst, for Plaintiff in Error.
Wilbur E. King, for Defendant in Error.
The probate court is given power to compel the performance of a written contract for the conveyance of an interest in real estate, Revised Statutes, sections 5800-5802. But this.is not such a contract. Section 6070, Revised Statutes, provides that premises mortgaged to the intestate and the debt secured thereby shall be considered as personal assets in the hands of the ex3cutor or administrator, and ■ section 6071 provides that in the case of the redemption of any such mortgage, the m^ney paid thereon shall be received by the administrator, and he shall thereupon cancel the mortgage; and 6072 provides that the administrator may foreclose any mortgage belonging to the estate in the same manner the decedent might have done, Here there has been no money paid to the administrator upon this mortgage, and if he questions the right of the mortgagors to its cancellation, it is not his duty to release it. Should he bring suit in foreclosure, the mortgagors then may have their rights adjudicated; and should the administrator refuse to cancel the mortgage or neglect -to bring suit in foreclosure, then a remedy may be found in section b202, Revised Statutes, which provides that an administrator may maintain a civil action in the court of common pleas asking the direction or judgment of the court in any matter respecting the trust estate, or property to be administered, and the rights of the parties in interest, in the same manner and as fully as was formerly entertained in courts of chancery; and in case he fails to do so after being requested in writing by any creditor, legatee, distributee,or other party in interest, then such party may commence such action.
The judgments of the court of common pleas and of the probate court are reversed, and the caséis remanded to the probate court with instructions to overrule the motion, and the costs are adjudged against the Greens.