## FLAX v OPPENHEIMER et

Common Pleas Court, Hamilton County

Decided June 17, 1938

Maurice A. Thon, Cincinnati, for plaintiff.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendants.

## OPINION

By DEMPSEY, J.

This matter was heard on the motion of defendants, fiduciaries of the estate of Benton S. Oppenheimer, deceased, for a dismissal of this action, on the ground that the same question is being litigated in a proceeding now pending in the Probate Court of Hamilton county, a tribunal of equal competence with this court.

In the Probate Court suit, said fiduciaries are seeking to sell, to pay debts, a piece of real estate, of which said deceased was seized at the time of his death. In his lifetime, when he bought the same, it was already encumbered by a mortgage, dated October 1, 1927, given by one Max Safir to Robert and Bella Flax, to secure his note to them, in the sum of $5,000. As part of the purchase price there 1 or, said decedent assumed and agreed to pay the indebtedness covered by the said mortgage. The plaintiff asserts ownership of said debt and mortgage, by virt..e of proper assignment thereof to him, prior to the date of decedent's death.

On June 1, 1937, the plaintiff presented, by affidavit, to the said fiduciaries the said debt and mortgage, as a claim against the decedent's estate. While they had the same under consideration, said defendants, on July 29, 1937, commenced their action in the Probate Court of Hamilton county, for the sale of the real estate to pay debts. On September 1, 1937, the plaintiff had himself made party defendant to such suit. On the same date, he filed therein an answer and cross-petition, wherein he set up his ownership of the mortgage and its lien upon the real estate; and he asked the court to protect the same and to satisfy it out of the proceeds of any sale of the real estate which might be decreed. That was proper action on his part, so that his lien might be taken into account in straightening out the title to the real estate. Keenan v Wilson, 19 Oh Ap 499.

The defendant fiduciaries did not take action upon the plaintiff's sworn proof of said obligation and mortgage as claims against the decedent's estate, until October 28, 1937, upon which date they rejected the same. Thereupon, by way of appeal from that adverse ruling of the fiduciaries, the plaintiff brought this action in this court on December 23, 1937.

The movants contend that the plaintiff is attempting to litigate here the identical claim which he has presented to the Probate Court by his answer and cross-petition in the sales case there; and that, by that proceeding, the Probate Court has obtained prior jurisdiction of the matter, whereby, under the rule of comity, this court is excluded from any further cognizance thereof.

Where there are two courts which have equal and concurrent jurisdiction of a certain subject, and one of them has taken jurisdiction, the other one will refuse thereafter to act in the matter. Dwyer v Garlough, 31 Oh St., 158; State ex v Faurot, 44 Oh Ap. 461; (13 Abs 678) 11 O. Jur. Courts, §81 and 83.

So it is with our Probate and Common Pleas Courts, as to actions by administrators or executors to sell decedents' real estate to pay debts. In this case, if plaintiff was seeking, in this court, any remedy with regard to the real estate, now sought to be sold in the Probate Court, any ruling affecting the title thereof, the liens thereon, or distribution of the proceeds of sale, then this motion would be well taken. Doan v Bitely, 49 Oh St., 588.

But such is not the case. By his petition to this court, plaintiff is simply asking, on appeal from the action of the fiduciaries, adverse to his claim, that this court render in his favor a money judgment against the estate. He asks for no adjudication as to the title to the real estate, or the effect thereon of the lien of his mortgage. On the other hand, in the Probate Court, his answer and cross-petition presented to that tribunal only the matter of his mortgage and its lien, and nothing with regard to his rejected claim. Different and distinct remedies are being sought by the plaintiff in each court. 11 O. Jur. Courts, §82 and 83; State·ex rel v Schneider, 103 Oh St., 492; Westhofer v Reed, 29 O.N.P. (N.S.) 555.

In fact, the relief which he asks of this court, in this action, the Probate Court has not the power to grant him. McLaughlin v McLaughlin, 4 Oh St., 508, at page 511.

Appeal from a rejection by an administrator or executor of one's sworn proof of claim against a decedent's estate must be made by way of a civil action for a money

judgment. §10509-133, GC; **Jones v Green,** 21 O.CC.. 96, at page 99.

There is no jurisdiction in the Probate Court to entertain such a civil suit, as an original action. **State ex rel. Voight v Lueders,** 101 Oh St., 211; **In Re Estate of Locotash,** 3 OO., 185; **Locotash v Brothers,** 52 Oh Ap., 158; 6 OO, 274; **In Re Helfrich,** 3f O.N.P. (N.S.) 307; **In Re Czatt,** 30 O. N.P. (N.S.) 355.

Nor can it do so by indirection and acquire such jurisdiction under an answer and cross-petition in a suit to sell real estate to pay debts. **Smith v Hayward,** 5 O. N. P., 501.

In the present state of our law, we cannot follow the decision in **Cooper v Cooper,** 3 OO. 431, however much we may see the convenience of the practice thereby permitted.

The Probate Court is a court of limited, not general, jurisdiction. Any grant of jurisdiction to it must be specific, and incidental and auxiliary powers are to be limited to such only as are necessary and proper to carry into effect the powers expressly granted. **Davis v Davis,** 11 Oh St., 386, at page 391; **Vandenbark v Mattingly,** 62 Oh St., 25.

Accordingly the motion is overruled.