**SCHROYER v HOPWOOD, Exr.**

Ohio Appeals, 2nd Dist, Franklin Co.

Decided September 8, 1940.

Francis N. Thompson, Columbus, and W. B. Cockrell, Columbus, for appellee.

Williams, Williams, Klapp & Reynolds, Columbus, and Harry L. Hopwood, Columbus, for appellant.

## OPINION

By GEIGER, J.

This is an appeal on questions of law from a judgment of the Municipal Court of the city of Columbus in favor of the plaintiff in the sum of $620.81, the court sitting as a jury.

There were numerous motions and demurrers filed in this case and determined by the court. After the determination of these, the issues were made by an amended petition and an amended answer, which amended petition was further amended at bar.

The amended petition alleges that plaintiff is a funeral director and that the defendant is the executor of David Henry Stem, deceased, appointed on March 10, 1939.

It is alleged that while in good health Stem entered into a contract with the plaintiff for the sale to him of a casket at the agreed price of $500, and

burial garments and other matters incident to the proper burial of Stem.

The facts alleged are quite unusual, as in very few cases does a person in full health select his casket, his funeral raiment and prepare for his final interment, the bill to be paid after his death out of his estate. However, it appears from the evidence that this arrangement was made by Stem, then of advanced years. Several witnesses so testify.

It is alleged that after Stem's death, in pursuance of the agreement, plaintiff buried Stem in the casket, grave vault, garments, underclothes and shoes which had been selected by him, and performed other services, including paying the cemetery charge and paying for the services of the minister. It is then alleged that there is due to the plaintiff from the defendant, as such executor, $620.81, on the account of the articles above described; that the account was presented to the predecessor of the present executor; that on August 8th the defendant allowed the account in part and rejected it in part; that upon refusal of the plaintiff to accept the amount so tendered the defendant made further allowances and again rejected the excess, which tender was refused by the plaintiff. In the amended answer the defendant makes certain admissions, denies other matters, and, as a second defense, alleges that the plaintiff made no application to the court for the allowance of any additional amount over the $350 provided by law for funeral expenses of the decedent, and that no such claim was presented to the defendant for allowance.

As a third defense it is alleged that the defendant tendered to the plaintiff the sum of $350 in full settlement of such expenses, but that the plaintiff rejected the tender, and the defendant renewed such tender in full settlemnt of all claims.

During the course of the trial the amended petition was further amended by the insertion of a claim for payment for "such transportation services as should be reouested by Stem during his lifetime; professional services by undertaker after his death and equipment for his funeral."

The Municipal Court rendered judgment in favor of the plaintiff in the sum of $654.95, the full amount of the claim.

The defendant, as executor, files an assignment of errors in which he sets out in twelve paragraphs the errors complained of. In substance, these are that the court erred in overruling the motion to quash summons; in granting leave to plaintiff to amend at bar; in not sustaining the demurrer to the amended petition; in sustaining the motion of the plaintiff to the answer of the defendant; in sustaining the motion of the plaintiff to the first and second amended answers; in the admission and rejection of evidence; in finding that the court had jurisdiction in the cause; in finding in favor of the plaintiff instead of in favor of the defendant; and in entering judgment.

In the assignment of errors counsel has enumerated a number which are of no present importance in this case. We shall take up only those which seem to us to be of consequence as the case now stands.

The facts disclosed by the evidence may be briefly stated as follows: Schroyer, a funeral director, brings this action against Hopwood, the executor, founded upon an alleged oral contract made by the decedent in his lifetime, for funeral goods to be delivered and services to be rendered after his death, by the plaintiff. It is developed in the testimony that the matters contracted for were to include some services to be rendered by Schroyer during decedent's lifetime. Upon the death of Stem, no will being found, one Mock was appointed administrator and during the time he served as such, the plaintiff furnished the items and performed the services alleged to have been contracted for, and delivered to Mock a statement of the account setting forth the items, which account was afterwards delivered to Hopwood, who was appointed executor upon the discovery of a will, and after the resignation of Mock as administrator. No other claim was presented before suit was brought. The

claim as presented appears in the bill of exceptions and itemizes, at what is alleged to have been an agreed price, the casket, grave vault, burial clothes, and, in addition, the cemetery charges and compensation to the minister and the amount of the prepaid sales tax paid by the administrator, totaling $620.81. After the claim was presented, Hopwood, the executor, tendered $320 in payment of the entire bill and at a later date made a tender of $350 as being the limit of the payment that could be made for funeral expenses under the statute. It is agreed that the plaintiff's exhibit No. 1, which was the statement of services rendered, was presented to the executor and that the executor corresponded with the claimant in reference to the account as above indicated. Upon the offer of the executor to pay $350, and refusal to pay the amount of the bill, action was brought which resulted in the judgment as above set forth.

It is claimed by the defendant that the claim sued on is not the same claim which was presented to the administrator or the executor, under the provisions of §10509-112 GC, and that the plaintiff has not complied with the statutory requirements, it being asserted that the claim delivered to Mock, then acting as administrator, is nothing more than a mere statement of account, containing certain specified items, and that the claim sued on is an alleged contract whereby it is claimed that Stem in his lifetime contracted for certain services to be rendered while he was still living and for certain goods to be delivered and prices to be charged after his death. It is claimed that the contract made by Stem during his lifetime included certain transportation he was to enjoy while living. As to this item the evidence is to the effect that when an undertaker gives a price for a casket it is understood that that price so stated includes certain other incidental matters in reference to the expenses of the funeral and also includes services to the living, if the contract be made by one during lifetime, which would include transportation.

The next claim is that the Probate Court has exclusive jurisdiction to settle this claim against an estate, even if based on an alleged contract with a decedent in his lifetime, and it is pointed out that under the statute the allowance and payment of funeral expenses is specifically conferred upon the Probate Court. It is claimed that the provision of the statute will be read into any such contract. It is further claimed that under the statute the Probate Court has exclusive jurisdiction to consider and allow or disallow claims for funeral expenses in excess of $350, and that in no event can a funeral director have allowed and paid to him by the executor more than $350 unless the excess is approved by the Probate Court.

A number of statutes and decisions are cited by counsel for the executor which are claimed to be pertinent. We have read all of these and will allude to such as we may regard to be of value in this case. The provisions of the statute in relation to claims of creditors · which we think pertinent, may be found in §§10509-112 GC, and in subsequent sections.

Creditors shall present their claims within four months. The executor shall allow or reject the claims within thirty days. A claim shall be deemed rejected if the executor on presentation refuses to endorse thereon its allowance. When a claim is presented, the executor may require satisfactory vouchers in support of it and also an affidavit. If the executor doubts the justice of any claim he may enter into an agreement in writing to refer the matter. The order in which debts are to be paid is scheduled in §10509-121 GC, the pertinent part of which is that the executor shall receive and pay the debts, applying the assets in the following order: "1. Bill of funeral director not exceeding three hundred fifty dollars, such other funeral expenses as are approved by the court, the expenses of the last sickness and those of administration. * * * 7. Debts due to all other persons. Such part of the bill of the funeral director as exceeds $350 shall be included as a

debt under item 6 or 7, depending upon the time when the claim for such additional amount is presented."

Sec. 10509-133 GC, provides that when a claim against an estate has been presented and has been rejected in whole or in part and not referred to a referee, the claimant must commence an action thereon within two months after the receipt of the notice of such rejection and for the purpose of the section the action shall be deemed to have been commenced when the petition and praecipe for service of summons have been duly filed.

Counsel cited §10501-53 GC, providing for the jurisdiction of the Probate Court as supporting his claim that the Probate Court has exclusive jurisdiction. Paragraph 13 of this section provides: "To direct and control the conduct of fiduciaries and settle their accounts."

Manifestly the statute requires the bringing of an "action" which contemplates a court other than the Probate Court, as having jurisdiction.

Considering the first objection of counsel to the effect that the claim sued upon was never presented to the administrator for allowance and was not so disallowed, and that suit cannot be brought against the executor unless a claim has been presented and rejected, we are of the opinion that exhibit No. 1, which sets out the items furnished and services rendered in pursuance of an oral contract, is a sufficient presentation of the claim and that when the executor offered to pay $350 and no more, that that was a sufficient rejection, and that, therefore, the plaintiff had a right to bring the action within the two months after the rejection of the claim, which he did. The executor made no objection to the form in which the claim was presented to him, but only as to the amount.

In reference to counsel's claim that under §10509-121, ¶1, GC, no more than $350 could be paid for funeral expenses unless by an allowance of the court, and that the court not having allowed

the excess amount, there could be no recovery, we are of the opiinon that the decedent in his lifetime had a perfect right to enter into a contract with a funeral director for his burial and to select the goods and agree upon a price, and that if this contract was made as alleged in the petition and amply supported by the evidence, it is a claim against the executor in the amount agreed upon, irrespective of the limitation of §10509-121, GC. Funeral expenses are usually incurred before the appointment of an executor or an administrator. In few cases is the administrator appointed before the funeral. The section of the statute is a warning to funeral directors that they may not furnish an expensive funeral and expect it to be paid out of the decedent's estate unless the court allows the amount in excess of $350, but this does not preclude the funeral director and the decedent, while in life, from entering into a valid contract fixing any amount that they may agree on or any style of funeral that may appeal to the person seeking to make an arrangement for his burial according to his own wishes. If they have entered into such an agreement it becomes a valid debt against the estate. Sec. 10509-121 GC, provides the order of priority in which the debts of the decedent are to be paid, and paragraph 7 of that section provides that such part of the bill of the funeral director as exceeds $350 shall be included as a debt under items 6 and 7. An estate may not be exhausted by exorbitant funeral expenses to the exclusion of other enumerated creditors whose claims are to be paid in the order provided by the statute, whether such expenses are incurred by a contract entered into by the decedent when living, or whether the funeral charges arise from an arrangement made between the funeral director and the friends of the deceased after his death. No question of priority arises in this case, as the estate is ample to pay the funeral charge in full with enough remaining to pay all the other charges

in the order prescribed by §10509-121 GC.

Counsel for the executor insists that the claim as presented is not the claim sued upon. We have already passed upon this question.

All the items included in the bill filed and rejected and in the petition were covered by the contract between the decedent and the funeral director with the single exception of prepaid sales tax. We are of the opinion that such an item would follow the contract which involved the sale of property upon which the sales tax would be due.

We note that the judgment was for $654.95, while the claim filed was for $621.21. We have been unable to discover the items that make up this difference. If this difference arises from the interest that may have been due and from the costs incident to the suit, it was properly covered by the judgment, even though in excess of the amount for which the claim is filed with the executor. If the difference arises from a miscalculation or from other items not included in the presentation of the claim, then there should be a remittitur of such difference. We recognize the importance of this matter and commend counsel for their diligence in furnishing to the court citations that they regarded as pertinent.

We see no prejudicial error in the trial of this case.

Judgment affirmed and cause remanded.

HORNBECK, PJ. & BARNES, J., concur.