IN RE ESTATE OF BUCHANAN: THE PLUNKETT-WEBSTER
LUMBER CO., APPELLANT, *v.* BUCHANAN, ADMR.,
APPELLEE.

(No. 6842—Decided March 3, 1948.)

*Messrs. Matthews & Matthews,* for appellant.
*Mr. Samuel Plotnick,* for appellee.

DOYLE, P. J. On May 29, 1947, the Probate Court of Hamilton county entered an order which overruled exceptions filed by The Plunkett-Webster Lumber Company to a schedule of debts filed by Robert W. Buchanan, administrator of the estate of George Allison Buchanan, deceased.

The lumber company had asserted, in its filed exceptions, that "it is one of the creditors of the estate of George Allison Buchanan, deceased, and * * * that it hereby notes and files its exceptions to the schedule of debts filed in the above-entitled estate for the following reason: ' That the claim of The Plunkett-Webster Lumber Co. in the sum of $4,218.43 was arbitrarily rejected by the administrator of the estate of George Allison Buchanan, deceased, whereas said claim should have been allowed, and included in the schedule of debts as an allowed claim." The exceptor

continued by praying for "a hearing upon the exceptions * * * and for such orders as may be proper in the premises."

From the order stated above, appeal was taken to this court on questions of law.

1. This case must be ruled by the pertinent provisions of the Probate Code, as amended and revised effective August 22, 1941.

Section 10509-113, General Code (119 Ohio Laws, 394), defines the manner in which claims of creditors shall be rejected. The section is in the following language:

"The executor or administrator shall reject a claim by giving the claimant written notice of the disallowance thereof. Such notice shall be given to the claimant personally or by registered mail with return receipt requested, addressed to the claimant at the address given on the claim. Notice by mail shall be effective on delivery of the mail at the address given. A claim may be rejected in whole or in part. A claim which has been allowed may be rejected at any time thereafter.

"A claim shall be deemed rejected if the executor or administrator, on demand in writing by the claimant for an allowance thereof within five days, which demand may be made at presentation or at any time thereafter, fails to give to the claimant, within such period, a written statement of the allowance of such claim. Such rejection shall become effective at the expiration of such period."

This section provides for unequivocal acts, and its provisions are mandatory.

Section 10509-133, General Code (119 Ohio Laws, 394), requires that if challenge is desired to the action of an administrator in rejecting a claim in the manner directed by Section 10509-113, General Code, "the claimant must commence an action on the claim * * *.

within two months after such rejection * * *." This
section is as follows:

"When a claim against an estate has been rejected
in whole or in part, but not referred to referees, or
when a claim has been allowed in whole or in part and
thereafter rejected, the claimant must commence an
action on the claim or that part thereof rejected, with-
in two months after such rejection, if the debt or that
part thereof rejected be then due, or within two months
after the same becomes due, or be forever barred from
maintaining an action thereon; except that, in the event
of the death, resignation or removal of such executor
or administrator within such two months' period and
before action is commenced thereon, the action may
be commenced within two months after the appoint-
ment of a successor.

"For the purposes of this section, the action of a
claimant shall be deemed to have been commenced
when the petition and praecipe for service of sum-
mons on the executor or administrator have been duly
filed."

The Probate Court is without authority to deter-
mine the merits of a claim that has been rejected by
a fiduciary in compliance with the present statutes. A
claimant's recourse is the commencement of an inde-
pendent action within the time prescribed by statute
after rejection of his claim. This procedure is ex-
clusive.

Specifically deciding the question here presented,
this court determines that there was no authority in
law for the Probate Court to adjudicate the merits of
this rejected claim, nor to inquire into the claimed
"arbitrary" conduct of the administrator.

The question of fraud is not at all involved here.

The judgment of the Probate Court is affirmed,
and reference is made to the adequate and correct

reasoning of that court, as evidenced by its written opinion on file with the papers in the case.

*Judgment affirmed.*

HUNSICKER, J., and MONTGOMERY, J., concur.

DOYLE, P. J., and HUNSICKER, J., of the Ninth Appellate District, and MONTGOMERY, J., of the Fifth Appellate District, sitting by designation in place of MATTHEWS, P. J., and ROSS, J., and HILDEBRANT, J., of the First Appellate District.