**SMITH, Estate of, In re.**

Probate Court, Preble County.

No. 17672. Decided December 15, 1952.

410

Spidel, Staley & Hole, Greenville, for Omar T. Smith.
Dye & Ernst, Walter H. Earley, Eaton, for the Estate of Jennie Smith, Deceased.

## OPINION

By ZIEGEL, J.

A petition has been filed in this court under the provisions of §10509-105 et seq., GC, for the allowance of a claim of administrator against decedent's estate. The court has appointed John E. Ernst, an attorney, to represent the estate. This cause now pends before this Court on a motion filed by Mr. Ernst to dismiss the petition.

The facts upon which this motion is based, as gleaned from the petition, are as follows: Sometime in the year 1944 Omar T. Smith, now one of the duly appointed and qualified co-administrators of the estate of Jennie Smith, deceased, received a signed written memorandum from his mother, the said Jennie Smith, as follows:

"The undersigned, Jennie E. Smith of West Manchester, Ohio, in consideration of the privilege and comfort of being cared for in the home of my son, Omar T. Smith, and of the care, nursing, maintenance and support rendered and furnished to me by my said son and his wife, Edith Smith, since the 8th day of February, 1944, the receipt of which is hereby acknowledged, and in consideration of any and all future care, comfort, nursing, maintenance and support rendered and furnished to me or on my behalf by my said son and his wife, hereby agrees and promises to pay to my said son and his wife the reasonable value of said services, it being my express

intention that my said son and his wife be paid for all services rendered by them for me and on my behalf."

Jennie Smith died May 31, 1952. Thereafter, Omar T. Smith and his brother, Clarence F. Smith, were appointed co-administrators of her estate. Within the time allowed by law the petition in question was filed. This petition is unusual in that its terminology is plural. It begins: "Your petitioners respectfully represent that they are husband and wife, etc." The second paragraph begins: "Petitioners further represent that they are the owners and holders of a certain claim, etc." The rest of the allegations of the petition including the prayer, concerning services performed and materials furnished throughout use the word "they" and are concluded in the plural. This petition is signed at the end thereof by Omar T. Smith and Edith Smith, his wife.

Movant contends that the petition should be dismissed for the reason that the Probate Court does not have any jurisdiction of any claim of Edith Smith, since she is not one of the administrators of decedent's estate, and that as to her the provisions of §10509-105 et seq., GC, do not apply.

It appears that this contention presents a question of new impression in Ohio. Admittedly, the Probate Court has exclusive original jurisdiction over the claim of an administrator or executor against his decedent's estate. Likewise it is conceded that other claimants must proceed under §10509-112 et seq., GC; and that if the claim or claims are rejected by the executor or administrator, an action must be commenced in a court of general jurisdiction under the provisions of §10509-133 GC. Thus, in the instant case, the Probate Court undeniably has jurisdiction over the individual claim of Omar T. Smith, one of the co-administrators, and definitely does not have any authority to entertain any action brought by his wife, Edith Smith, for any individual claim which she might have against decedent's estate. But—what is the situation if, instead of holding individual claims, they hold a joint claim?

The last paragraph of §10501-53 GC, provides that the "probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute." The second sentence of §10501-22 GC, provides that the "provisions of law governing civil proceedings in the court of common pleas, so far as applicable, shall govern like proceedings in the probate court when there is no provision on the subject in this act."

By §10501-53 GC, the Probate Court has full power to hear and determine any matter properly before it. By §10501-22 GC,

the code of civil procedure applicable to the common pleas court governs like proceedings in the Probate Court. What is a "like proceeding"? The old Insolvency Court of Hamilton County passed upon this question many years ago in Railroad v. Cincinnati, 9 O. L. R., 105, and stated that the "limitation in this section to like proceedings must refer to character, as well as the form of the proceedings to which reference is made . . . . If the substance or character of the preliminary proceedings in this court is like that of any proceedings under the code of procedure it would be sufficient." After reviewing' a decision of its own circuit court, Kittredge v. Miller, etc., 12 C. C., 128, where it was held that a contested application for the allowance of attorney fees in the probate court was a proper case for a separate finding of facts and law, a procedure not found in the Probate Court but contained in the code of civil procedure, such an application being in character and substance an action to recover for services rendered, the court concluded by stating that therefore "the provisions of said §11212 GC (now §10501-22 GC) extend beyond those cases in which the probate court and common pleas court have concurrent jurisdiction."

More recently the Court of Appeals of Lucas County, in **In re Estate of Harmon, 87 Oh Ap, 451; 43 O. O. 223,** pointed out on **page 454** of its opinion that the "phrase 'like proceedings' as used in the second sentence of **§10501-22 GC,** is not limited to proceedings of **like character** in the Common Pleas Court. The word 'like,' refers to 'civil proceedings in the Court of Common Pleas.'"

The case at bar, although brought in the Probate Court because of the mandatory requirements of §10509-105 et seq., GC, involves an ordinary contractual action for services rendered; and as such, except for the fact that the claimant is an administrator, would normally be brought in the Court of Common Pleas. In view of the reasoning contained in the authorities cited above, I hold that this action is a "like proceeding" within the contemplation of §10501-22 GC.

Thus, two well known and much used sections of the Code of Procedure in Common Pleas Court answer the problem here presented. The first, §11254 GC, provides that "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided." This is the permissive joinder section and makes proper parties plaintiff all persons who come within its terms. The other section, §11256 GC, provides that ."Parties who are united in interest must be joined, as plaintiff or defendants . . . .," and makes joinder of such persons

not only proper but absolutely necessary. See **Clark v. Brick Co.**, **100 Oh St 110**, 125 N. E. 448.

The case at bar coming on to be heard on a motion to dismiss the petition because of improper joinder of parties, reference can be had only to that petition to determine the nature and character of the proceedings. A reading of that petition together with the agreement on which it is based seems to indicate that the interest of Omar T. Smith, the co-administrator, and of Edith Smith, his wife, in the claim against the estate of Jennie Smith, deceased, is joint or united; that the value of the services by one of them for the decedent during her lifetime cannot be separated from the value of similar service to the decedent during her lifetime which were performed by the other. In such a case, since it has already been determined that the Code of Procedure in Common Pleas Court applies here in the Probate Court, Edith Smith is not only a proper but is also a necessary party to these proceedings as provided in §11256 GC; and the motion to dismiss must be overruled.

On the other hand, even if it is concluded that the claim of one can be separated from the claim of the other thus making several claims, rather than a single joint claim, against decedent's estate, nevertheless, under §11254 GC, while under such circumstances Edith Smith is not a necessary party, she is a proper party, since quite obviously both she and Omar T. Smith have "an interest in the subject of the action" (the agreement and services performed for decedent during her lifetime) and in "obtaining the relief demanded" (payment for those services). Thus, even here, the motion to dismiss must be overruled.

Counsel for the estate have argued that since the individual claim of Edith Smith, if rejected by the administrators, is cognizable in the Common Pleas Court, she might if not satisfied with the decision of the Probate Court in the instant matter, obtain a rejection of her claim and thereafter bring action on it in the Common Pleas Court. While this Court is not required to decide that problem in these proceedings, it is suggested, for the comfort of counsel, that since Edith Smith is a proper party in this action by virtue of §§10501-22, 11254 and/or 11256 GC; and since under §10501-53 GC, the Probate Court has full power to hear and determine any matter properly before it, in this case the Probate Court has concurrent jurisdiction with the Common Pleas Court as to the claim of Edith Smith; and a decision in this Court would be res adjudicata to an action brought on the same claim in the Common Pleas Court.

An entry in accordance with this opinion may be drawn by counsel for Omar T. Smith.