IN RE ESTATE OF TAYLOR.

[Cite as In re Estate of Taylor (1970), 23 Ohio Misc. 142.]

(No. 732607—Decided February 2, 1970.)

Probate Division, Common Pleas Court of Cuyahoga County.

*Messrs. Thompson, Hine & Flory, Mr. Frank E. Bubna* and *Mr. James W. Weeks,* for plaintiff.

*Mr. Paul W. Brown,* attorney general, and *Mr. Harold S. Van Schaack,* for the Tax Commissioner.

*Mr. Francis X. Feighan,* disinterested person appointed by the court.

MERRICK, P. J.   Helen G. Taylor died December 11, 1968. Surviving her are her widower and her two adult children. The date of death is important as all tax questions controlled by statute fall within the estate tax provisions effective July 1, 1968. The appraisal of the gross estate, as heretofore approved by the court, totals $203,000. The widower was nominated in the decedent's will which was admitted to probate and letters testamentary were issued to him.

Within the time specified in Section 2117.02, Revised Code, the executor presented to the court a claim against the estate in the amount of $109,000. The decedent's two

sons waived service of notice and consented to the allowance of the claim. There was no charitable or other nontaxable devise or bequest contained in the will.

The court ordered counsel for Mr. Taylor to advise the Tax Commissioner of the claim and the time set for a hearing. This was done and the assistant attorney general handling estate tax matters in this county appeared. Counsel for Mr. Taylor registered his objection to the Tax Commissioner being made a party. The hearing progressed before a permanent referee of this court. The record shows extensive arguments and statements between counsel for Mr. Taylor and the assistant attorney general. As a result of the question being raised as to the right of the Tax Commissioner to participate in the hearing, the referee sent the case to the presiding judge for a ruling on that question before proceding further.

In the year 1962, the writer of this opinion promulgated a rule that, in any proceeding which could result in a lessening of the inheritance tax liability, the Tax Commissioner should be notified and permitted to become a party to the proceedings. The propriety of this rule and its validity is the subject of the present controversy.

The adjudication of a creditor's claim which has been rejected is not within the jurisdiction of the Probate Court but must be litigated in a court of general jurisdiction which has power to render a money judgment. An exception is an executor's personal claim against the estate. The procedure to be followed in such an instance is set forth in Section 2117.02, Revised Code. The closing sentence of that section reads as follows:

"All the persons named in the order shall be parties to the proceeding, and any other person having an interest in the estate may come in and be made a party thereto."

If the claim in the instant case is allowed, the taxable estate so far as the Ohio estate tax is concerned would be reduced by $109,000 or slightly more than 50% of the gross estate. The claim is for money loaned and, if allowed, it is conceivable that it would not be otherwise taxed, presumably under the theory that it was a principal sum loaned during the decedent's lifetime and payable out of

her estate. Certainly the Tax Commissioner is interested and in the opinion of the writer is a "person having an interest in the estate."

A case similar in format was that of *Matthews, Estate of, In re: Department of Taxation* v. *Matthews*, 60 Ohio Law Abs. 385, Court of Appeals, First District. The facts in that case are similar to those in the one presented here. A widower who was the executor of his wife's estate made claim for a sizeable amount of money which he asserted he had loaned his wife during her lifetime. Her will recited the fact that she owed him the amount claimed. At the time of the trial of that case, the code required that such claim or claims were to be listed in the inventory of the estate. Subsequent amendments have eliminated such provision. Under present statutes the Tax Commissioner receives no notice of the existence of the estate until the application to determine the estate tax is filed.

The value of a taxable estate under the new Ohio estate tax is determined under the provisions of Section 5731.16, Revised Code. Deductions are provided for, including those classed as "claims against the estate, outstanding and unpaid as of the date of decedent's death;" Section 5731.16, Revised Code, paragraph 3. Under the language of Section 5731.21, Revised Code, the filing of the tax return may be made at any time within fifteen months of the date of decedent's death and may be extended by the Tax Commissioner. A preliminary return, which contains only an estimate, is required to be filed within sixty days of decedent's death.

Let us assume that a judgment would be entered in the instant case, allowing the claim of the fiduciary. The heirs are in accord with the position of the claimant. If that judgment became final, is the Tax Commissioner bound by it? There is no provision in the statutes that indicates otherwise. If the Tax Commissioner is not afforded the opportunity of becoming a party, there would not be any time or place wherein the Tax Commissioner could question the correctness of the judgment of the Probate Court.

The fiduciary could disregard the provision of Sec-

tion 5731.20, Revised Code, and ask to be relieved of any penalty for the delay. Section 5731.22, Revised Code, affords an escape clause exempting for "reasonable cause," but the tax penalty is limited to an amount not to exceed five hundred dollars plus interest on the tax due.

This court has come to the conclusion that the Tax Commissioner is properly a party in this case and has all the rights and duties of other parties herein.

*Judgment accordingly.*