In re ESTATE OF VITELLI.

[Cite as *In re Estate of Vitelli* (1996), 110 Ohio App.3d 181.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 95–CA–89.

Decided March 29, 1996.

**182**

*John B. Huber,* for appellant, Catherine Vitelli, Executor of the Estate of Charles C. Vitelli.

*John O. Martin,* for appellee, Mary Ruth Vitelli.

FREDERICK N. YOUNG, Judge.

Appellant Catherine Vitelli, Executor of the Estate of Charles C. Vitelli, appeals from the decision of the Probate Court of Greene County ordering the estate to pay one half of the balances due on two notes secured by mortgages at the date of death of Mr. Vitelli, who was a co-obligor on the notes. A claim for

such a payment had been presented to the estate in writing on February 21, 1995, and rejected in writing by the executor on March 1, 1995. The claimant is Mary Ruth Vitelli, who at the time of decedent's death was his wife. The decedent left his estate to his mother, appellant herein, by will, and Mary Ruth Vitelli made timely election to take her surviving spouse's share of the estate.

Also on February 21, 1995, appellee Mary Ruth Vitelli filed a motion and application in the probate court "for instructions to the estate and fiduciary regarding payment" by the estate of its share of the balances due on the two notes in question. Mary Ruth Vitelli concedes in her brief that the probate court "went further" than giving only instructions, and actually ordered the estate to pay one half the balance due on the notes secured by the mortgages.

The probate court's order was entered on April 18, 1995, but no notice of appeal was filed by appellant until October 3, 1995. Appellant maintains in her brief that subsequent judgments were entered on the issue, the last one being filed September 11, 1995, and therefore her appeal is timely. No such judgments appear in the record before us, but a determination of the timeliness of the appeal is not necessary for the determination of this appeal.

Appellant presents the following two assignments of error:

I

"The probate court was without jurisdiction to render a judgment ordering payment of a claim previously rejected by the fiduciary of a probate estate making such a judgment void *ab initio*."

II.

"The probate court erred when it ordered the estate accountable for contribution in an amount equal to one-half of the entire joint obligation instead of one-half of any reduction of the debt to which the decedent's estate had not contributed as of the date the estate is ultimately settled."

In her first assignment of error, appellant argues that the judgment of the probate court of April 18, 1995 was void *ab initio* and therefore can be attacked at any time. The appellant is correct on both counts.

A probate court lacks subject matter jurisdiction to enter an order adjudicating a claim against an estate where that claim has been rejected by the estate. The only remedy for the claimant in such a case is an action in a court of general jurisdiction. 33 Ohio Jurisprudence 3d (1982 and 1995 Supp.), Decedents' Estates, Section 1574; *State ex rel. Fulton v. Coburn* (1938), 133 Ohio St. 192, 10 O.O. 249, 12 N.E.2d 471; *In re Estate of Buchanan* (1948), 82 Ohio App. 240, 242,

37 O.O. 557, 558, 81 N.E.2d 409, 410 ("The Probate Court is without authority to determine the merits of a claim that has been rejected by a fiduciary in compliance with the present statutes."); *Schroyer v. Hopwood* (1940), 65 Ohio App. 443, 19 O.O. 45, 30 N.E.2d 440; *Jones v. Green* (1901), 11 Ohio C.D. 548, 21 Ohio C.C. 96; *In re Estate of Taylor* (1970), 23 Ohio Misc. 142, 143, 51 O.O.2d 89, 90, 254 N.E.2d 925, 926 ("The adjudication of a creditor's claim which has been rejected is not within the jurisdiction of the Probate Court but must be litigated in a court of general jurisdiction which has power to render a money judgment."); *In re Estate of Smith* (P.C.1952), 67 Ohio Law Abs. 409, 120 N.E.2d 632; and *Flax v. Oppenheimer* (C.P.1938), 27 Ohio Law Abs. 17, 12 O.O. 48, 3 Ohio Supp. 212.

The order of the probate court in this case is *coram non judice* and void *ab initio*. *Jones v. Green, supra.*

The appellant states in her brief that the appellee has in fact filed a separate action with the Court of Common Pleas of Greene County, which is clearly her remedy in this case.

A judgment void *ab initio* can certainly be attacked at any time, regardless of the time limits for filing a notice of appeal. *Oda v. Davis* (Aug. 17, 1994), Montgomery App. No. 13985, unreported, 1994 WL 444758; *Rondy v. Rondy* (1983), 13 Ohio App.3d 19, 21, 13 OBR 20, 23, 468 N.E.2d 81, 84. While we believe the proper course of action for the appellant in this case would have been to file a motion in the probate court to vacate its void judgment, there is certainly no impediment to raising the claim in an appeal otherwise untimely. *Oda v. Davis, supra.* Appellee argues that since this issue was not raised at the trial court, it has been waived by the appellant. However, it is settled law that subject matter jurisdiction cannot be conferred on a court by consent of the parties, nor can it be waived. *State v. Wilson* (1995), 73 Ohio St.3d 40, 46, 652 N.E.2d 196, 200. The merits of appellee's claim against the estate will have to be determined in a court of proper jurisdiction, and she is apparently seeking that remedy now.

The first assignment of error is sustained. The second assignment of error is moot. The judgment of the trial court is reversed and the cause is dismissed.

*Judgment accordingly.*

FAIN and WOLFF, JJ., concur.