OPINION
{¶ 1} This is an appeal and cross-appeal from an order of the general division of the court of common pleas dismissing an action commenced by a creditor against a decedent's executor on a claim against the decedent's estate.
 {¶ 2} Bob R. Johnson died on August 14, 2002. Robert S. Johnson was appointed executor of his estate by order of the Greene County Probate Court.
 {¶ 3} R.C. 2117.06 requires creditors who have claims against a decedent's estate to present the claim to the executor for payment within one year after the decedent's death. The section further provides that any claim not so presented is forever barred.
 {¶ 4} R.C. 2117.07 authorizes an executor to accelerate the time for presentment of a creditor's claims to thirty days after service of notice on the creditor. If a creditor who is served notice does not present the claim within the time allowed, the claim is likewise barred by R.C. 2117.06.
 {¶ 5} The decedent was indebted to Bank One, N.A. on two lines of credit. Robert S. Johnson, the executor mailed notices contemplated by R.C. 2117.07 on Bank One at its offices in Texas and Louisiana. Bank One presented its claims to the executor after the time allowed by the executor's notice had expired.
 {¶ 6} The executor didn't reject Bank One's claims. Instead, on December 30, 2002, the executor asked the Probate Court to determine the validity of Bank One's claims. On January 3, 2003, the Probate Court found that the claims are not valid because they were presented to the executor after the time which R.C. 211.07 allows.
 {¶ 7} On January 24, 2003, Bank One commenced this action on its rejected claims in the general division of the Greene County court of common pleas. The complaint set out the foregoing facts and asked that Bank One's claims be allowed. Bank One contended that its claims were improperly rejected because the executor had failed to serve the R.C.2117.07 notice on Bank One in the manner that R.C. 2117.07 and the Rules of Civil Procedure require.
 {¶ 8} The executor filed a motion pursuant to Civ.R. 12(B)(1) to dismiss Bank One's action for lack of subject matter jurisdiction. The executor argued that the prior determination of the Probate Court that Bank One's claims against the estate were invalid renders Bank One's claim for relief in the general division action res judicata, and it is therefore barred.
 {¶ 9} The common pleas court granted the executor's motion and dismissed Bank One's action on April 8, 2003. The court found that while jurisdiction to hear and determine the action is conferred on the general division court by R.C. 2305.01, the prior determination of the Probate Court that Bank One's claims are barred by R.C. 2117.06 is binding and bars the action Bank One filed in the general division. The court added: "The plaintiff has failed to present any new evidence that would change the findings of the Greene County Probate Court or persuade this court."
 {¶ 10} Bank One filed a timely notice of appeal on May 2, 1003. On June 9, 2003, Johnson filed a notice of cross-appeal. A notice of cross-appeal must be filed within thirty days after a notice of appeal is filed. App.R. 3(C)(1), 4(A). Johnson's notice of cross-appeal was filed thirty-eight days after Bank One's notice of appeal was filed. Therefore, we lack jurisdiction to determine the error which Johnson assigns in his cross-appeal, and it must be dismissed. We will limit our consideration to Bank One's three assignments of error.
FIRST ASSIGNMENT OF ERROR
 {¶ 11} "The trial court erred by converting a motion to dismiss for lack of subject matter jurisdiction to a motion for summary judgment."
SECOND ASSIGNMENT OF ERROR
 {¶ 12} "Assuming the motion to dismiss could be converted to a motion for summary judgment, the trial court erred by failing to provide notice of the conversion and opportunity to present supporting materials."
 {¶ 13} Civ.R. 12(B) specifically requires a trial court to convert a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief may be granted to a Civ.R. 56 motion for summary judgment when the motion "presents matters outside the pleadings and such matters are not excluded by the court." Id. Typically, such matters are factual. Their determinative effect is therefore more properly resolved on Civ.R. 56 standards.
 {¶ 14} Civ.R. 12(B)(1) motions to dismiss for lack of subject matter jurisdiction typically present issues of law. "Every court has the inherent power to determine its own jurisdiction . . . since a judgment entered by a court that lacks subject matter jurisdiction is void and a nullity." Baldwin's, Ohio Civil Practice, Section AT 12-4, at p. 686. Further, a challenge to a court's subject matter jurisdiction may be raised at any time, Id., and should be raised at the earliest opportunity. Therefore, materials which are pertinent to a Civ.R. 12(B)(1) claim may properly be received by the court without converting the motion to a Civ.R. 56 motion for summary judgment. Southgate Development Corp.v. Columbia Gas Transmission Corp. (1976), 48 Ohio St.2d 211.
 {¶ 15} Bank One's first assignment of error is predicated on the proposition that the trial court converted the executor's Civ.R.12(B)(1) motion to a Civ.R. 56 motion for summary judgment. The record does not reflect that it did. Neither does the record reflect that the court employed a Civ.R. 56 analysis when it granted the executor's motion, as Bank One's second assignment of error seems to suggest.
 {¶ 16} The issue the executor's motion to dismiss presented was whether the Probate Court's prior judgment barred Bank One's action in the general division. The fact of the Probate Court's judgment was pleaded in Bank One's complaint. Indeed, it is a matter of which the general division court may take judicial notice. Evid.R. 201. The court was not required to give Bank One any further notice before it decided the issue of subject matter jurisdiction which the executor's motion presented. Bank One had full notice of the motion and an opportunity to file a memorandum in opposition, which it did.
 {¶ 17} Bank One's first and second assignments of error are overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 18} "The trial court erred finding that defendant's notice as required by R.C. 2117.07 was proper because the notice was not in accordance with civil rule 4.2 and was not reasonably calculated to apprize plaintiff of the acceleration and provide plaintiff an opportunity to present their claims against the estate."
 {¶ 19} The trial court made no finding with respect to service of the executor's R.C. 2117.07 notice on Bank One. Rather, the court found that it was deprived of jurisdiction to adjudicate Bank One's claims for relief by the prior judgment of the Probate Court, and it granted the executor's Civ.R. 12(B)(1) motion to dismiss on that basis.
 {¶ 20} A court's "jurisdiction" contemplates its authority to exercise the judicial power conferred on the court by law in order to grant relief on claims presented in an action brought before the court. The bar, if any, to the general division action which the Probate Court's prior judgment might create is not jurisdictional. Rather, it is a product of the doctrine of res judicata. That doctrine provides that a valid judgment in a prior action between the same parties or their privies by a court of competent jurisdiction upon any claim bars a subsequent action between them on a claim or claims arising out of a transaction or occurrence that was the subject matter of the prior action. Grava v.Parkman (1995), 73 Ohio St.3d 379.
 {¶ 21} Res judicata is an affirmative defense that must be specifically set forth by a party in a responsive pleading. Civ.R. 8(C). A motion filed pursuant to Civ.R. 12(B) is not a responsive pleading. Therefore, it is generally held that res judicata is not proper grounds on which to grant a Civ.R. 12(B) motion to dismiss. State ex rel. Freemanv. Morris (1991), 62 Ohio St.3d 107; Jim's Steak House v. City ofCleveland (1998), 81 Ohio St.3d 18.
 {¶ 22} The trial court found that jurisdiction to determine the action that Bank One filed is conferred on the court by R.C. 2305.01. That ought to have concluded the issue that the Civ.R. 12(B)(1) motion presented. It didn't, because the court instead erroneously granted the motion on res judicata grounds, holding that it lacks jurisdiction by reason of the Probate Court's prior determination.
 {¶ 23} An executor may deny a creditor's claim without turning to the Probate Court for guidance or approval. Doing that is not improper, in view of the executor's appointment by that court and its general supervisory duties concerning decedent's estates. The issue presented, however, is whether the Probate Court's declaration bars Bank One's action against the estate in the underlying general division action. We believe that it does not.
 {¶ 24} The jurisdiction of the courts of common pleas and its divisions is determined by statute. Article IV, Section 4(B), Ohio Constitution. The probate court is a division of the court of common pleas. R.C. 2101.01.
 {¶ 25} R.C. 2305.01 confers original jurisdiction on the courts of common pleas in all civil cases in which the sum or matter in dispute exceeds the jurisdiction of the county courts. R.C. 2101.24(C) provides: "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."
 {¶ 26} R.C. 2101.24(A)(1)(b) and (l) confer exclusive jurisdiction on the probate court to grant letters of administration and to direct and control the conduct of fiduciaries and settle their accounts. R.C. 2117.06
and R.C. 2117.07 provide for presentment of creditor's claims to executors, who are fiduciaries of decedent's estates.
 {¶ 27} R.C. 2117.17 authorizes the probate court to approve the action of an executor in allowing a claim. However, if the court disapproves the executor's allowance of the claim, or if the executor rejects the claim, for whatever reason, the claimant must commence an action on the claim within two months or be forever barred. Id.; R.C.2117.12. That action must be commenced in the general division of the court of common pleas. In re Estate of Vitelli (1996), 110 Ohio App.3d 181. Therefore, the probate court lacks subject matter jurisdiction to adjudicate the merits of a creditor's claim against a decedent's estate.Id.
 {¶ 28} Here, Johnson, as executor, didn't reject Bank One's claims against the estate. They were instead "rejected" by the Probate Court. The court's advice in that regard wasn't improper. Indeed, a probate court is authorized by R.C. 2102.24(A)(1)(k) to render declaratory judgments. However, the matter in issue must be one properly before the probate court. The merits of a creditor's claim is not such a matter. Further, any declaratory judgment action must satisfy the basic requirements of due process, which include notice and an opportunity to be heard. Stanton v. State Tax Commission (1926), 114 Ohio St. 658. Johnson's ex parte application, which the Probate Court granted four days after Johnson had filed it, satisfies neither requirement.
 {¶ 29} The Probate Court's prior determination that the claims Bank One presented to the executor were invalid creates no res judicata bar to the action that Bank One subsequently filed in the general division. In order for the res judicata bar to apply, the prior adjudication must be by a court of competent jurisdiction. Grava v. Parkman. Because the Probate Court lacked jurisdiction to adjudicate a rejection of Bank One's claims, or to declare that they should be rejected, the Probate Court's determination was a nullity that cannot bar Bank One's action on the claim or deprive the general division court of jurisdiction to determine the claim for relief the action presents.
 {¶ 30} The third assignment of error is sustained.
 {¶ 31} Having sustained the third assignment error, we will reverse the order from which this appeal was taken and remand the case to the trial court for further proceedings in Bank One's complaint.
Fain, P.J. and Brogan, concur.